CHARLES P. BOWDITCH, as Trustee, etc., Respondent, *v.* FLORENCE AYRAULT, by Guardian, Appellant.

While, as a general rule, the law favors the vesting of legacies as soon as possible after the death of the testator, it is a question of intent; the will must be construed as made, and the intent of the testator as therein made manifest must control.

So, also, while as a general rule, in the case of personalty, where there is no gift except by way of a direction to the executor or trustee to pay, or to divide and pay at a future time, the vesting of the property in the beneficiary will not take place until that time arrives, the intention of the testator must control, and must be sought from the language actually employed.

A., by his will, provided for the creation of several separate and independent trusts, some of which might last for the full term permitted by statute; his residuary estate he gave to his trustee, who was directed to sell and convert the whole thereof, both real and personal, into money, and, "as fast as practicable," to divide two-thirds thereof between the children, "who may be living at the time" of his death, of his brothers and sisters named, "and to the descendants of such of said children as may be deceased when said estate, or any part thereof, is distributed," said two-thirds "to be divided between all such children and their descendants equally,  *  *  *  all the children of a deceased person to receive collectively the portion their parent would, if living at such distribution, be entitled." In an action for the construction of the will, *held*, that the gift was in substance to the children of the testator's brothers and sisters living at the time of his death, and that it then vested in those children, subject to be divested by the death of a child thereafter, and the substitution of his or her descendants, if any; if there were no such descendants, then the share remained vested, and, upon the death of the child, formed part of his or her estate, to be dis-

posed of by the will of such decedent, or, in case of intestacy, as provided by statute.

Several distributions of portions of the residuary estate had been made by the trustee as funds were realized, and, upon accounting by him before the surrogate, the fund was in each case distributed among the children referred to, who were then living, and the descendants of those deceased, who left children, upon the theory that, in case of a child who had died without descendants, his or her interest passed to the survivors. *Held,* that the surrogate's decrees upon these accountings were conclusive as to the transactions and payments covered by them; but that they formed no bar to the proper decision of the question as far as it related to property yet in the hands of the trustee.

Reported below, 63 Hun, 23.

(Argued April 17, 1893; decided April 25, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 22, 1892, which modified, and affirmed as modified, an interlocutory judgment in favor of plaintiff, entered upon the report of a referee.

This was an action for the construction of a clause in the will of Allen Ayrault, deceased.

The clause in question and the facts, so far as material, are set forth in the opinion.

*John P. Bowman* for appellant. The gifts made in subdivision 25 of the will are bequests, not devises, and the construction of that subdivision must be sought in the rules applicable to personal property. (*Snell* v. *Tuttle*, 44 Hun, 324; *Teed* v. *Morton*, 60 N. Y. 502.) The policy of the law favors the vesting of legacies at the earliest possible moment, *i. e.,* at the testator's death. (*Bolger v. Machel*, 5 Ves. 509; *Smith* v. *Edwards*, 88 N. Y. 109; *Pike* v. *Stephenson*, 99 Mass. 188; *Moore* v. *Lyons*, 25 Wend. 119; *Booth* v. *Booth*, 4 Ves. 407.) If the legatee be in existence at the time of the testator's death (or be a descendant of testator), a gift expressed in words of the present, or in words which import a present gift, will be held to create a vested interest, unless a contrary intent is clearly manifested from the will. (*Tucker*

v. *Ball,* 1 Barb. 94; *Patterson* v. *Ellis,* 11 Wend. 259; *Da Costa* v. *Bass,* 48 Hun, 31; *Warner* v. *Durant,* 76 N. Y. 136; *Manice* v. *Manice,* 43 id. 303; *Eldridge* v. *Eldridge,* 9 Cush. 516; *Vincent* v. *Newhouse,* 83 N. Y. 511.) What-- ever construction may be given, it cannot be held that the vesting was postponed to the time of actual distribution. If the legacies did not vest at testator's death then they did so at the time of the termination of the various life estates, but at no later period. (*Manice* v. *Manice,* 43 N. Y. 303; *Riker* v. *N. Y. Hospital,* 66 How. Pr. 251.) It is the testator's intent as gathered from the whole instrument that must govern. (*Tucker* v. *Ball,* 1 Barb. 94; *McKinstry* v. *Sanders,* 2 Lans. 181; 58 N. Y. 662; *Delafield* v. *Shipman,* 103 id. 463; *Livingston* v. *Green,* 52 id. 123.)

*James C. Smith* for respondent. The entire residuary estate is personalty, and the questions at issue are to be determined according to the rules of law applicable to personal property as distinguished from real estate. (*Dodge* v. *Pond,* 23 N. Y. 69, 76; *Power* v. *Cassidy,* 79 id. 602, 613; *Lent* v. *Howard,* 89 id. 169, 177; *Stagg* v. *Jackson,* 1 id. 206.) The whole legal and equitable estate in the residue was vested by the will in the trustee, with power to receive and apply the rents and profits, subject only to the execution of the trust. (*Brewster* v. *Striker,* 2 N. Y. 19; *Tobias* v. *Ketchum,* 32 id. 319; *Garvey* v. *McDevitt,* 72 id. 556, 562; *Betts* v. *Betts,* 4 Abb. [N. C.] 317, 385.) The trust to receive the rents and profits and apply them as directed by the will, and to sell for the benefit of legatees (sections of will 5, 26), is valid as an express trust. (1 R. S. 728, § 55.) The trust to " divide," and to convey the shares, is valid as a power in trust. (1 R. S. 729, § 58; *Downing* v. *Marshall,* 23 N. Y. 380, 381; *Manice* v. *Manice,* 43 id. 303, 364.) The only gift to the residuary legatees is in the direction to " divide "—" to divide as fast as practicable." The case is, therefore, strictly within the rule that where, in the case of personalty, there is no gift but by a direction to executors or trustees to pay, or to divide

and pay, at a future time, the vesting in the beneficiary will
not take place until that time arrives. (*Patchen* v. *Patchen*,
121 N. Y. 432; *Marson* v. *Purdy*, 9 N. Y. Supp. 579; 126
N. Y. 667; *Smith* v. *Edwards*, 88 id. 92; *Vincent* v. *New-
house*, 83 id. 505, 511, 512; *Shipman* v. *Rollins*, 98 id. 311,
323, 326; *Delafield* v. *Shipman*, 103 id. 463, 467, 468;
*Howes* v. *Herring*, 1 M. & Y. 295; *Hamlin* v. *Osgood*, 1
Redf. 409.) It is a general rule of construction that words of
survivorship, in bequests of personal estate, are to be referred
to the period of division and enjoyment, unless there is a
special intent to the contrary. (*Cripps* v. *Wolcott*, 4 Madd.
12; *Houghton* v. *Whitgreave*, 1 J. & W. 146; 2 Jarman on
Wills, 641; *Teed* v. *Morton*, 60 N. Y. 502, 506.) This inter-
pretation of the will does not leave the time for making dis-
tribution to the mere discretion of the trustee. (*McKinstry*
v. *Sanders*, 27 T. & C. 181; 58 N. Y. 662; *Brooke* v. *Lewis*,
6 Madd. 358.) There is no unlawful suspension. (*Purdy* v.
*Hayt*, 9 N. Y. 446; *Robert* v. *Corning*, 89 id. 225.) The
trustee should not be required to account for the payments
made to Mrs. Felt under the judgment in her action, which
was obligatory upon him. (*Shipman* v. *Rollins*, 98 N. Y.
311, 331.)

*John Rorbach* for respondent. While it is true that the
law, as a general rule, favors vesting, there is a distinction in
the application of the general rule between devises and lega-
cies. (*Delafield* v. *Shipman*, 18 Abb. [N. C.] 297.) The
residuary legatees had no interest or legal estate in any of the
real property, as such, covered by the life estate trusts. (1 R.
S. 728, 729, §§ 55, 56, 60.) This residuary estate, therefore,
consisting of personalty alone, and there being no direct gift
whatever to the residuary legatees, either in words of the
present or of the future — the only and the entire gift being
to the trustee — and the only provision for their benefit being
in a direction to the trustee to divide two-thirds of the same
between two independent classes of beneficiaries as fast as
practicable, it must follow that no vesting took place, in any

of these legatees, until the time or times arrived at which said
trustee could, in the best interest of the estate, make such
"practicable" distribution or distributions. (1 Jarman on
Wills, 840; *Leake* v. *Robinson,* 2 Mer. 363; *Vincent* v. *New-
house,* 83 N. Y. 505; *Smith* v. *Edwards,* 88 id. 92; *Delaney*
v. *McCormick,* Id. 183; *Teed* v. *Morton,* 60 id. 502; *Dela-
field* v. *Shipman,* 103 id. 463.) We see in the provision
certain words which certainly appear to be terms providing
for succession or survivorship. Unless we limit them entirely
to the "descendants" represented in the *Felt* case, we must
seek to make them applicable in their full apparent scope.
Our contention is that these terms, if applicable to the
"descendants" of the nephews and nieces living at the tes-
tator's decease, did not and could not refer to his death, but
to the times in the future when the trustees found it prac-
ticable to make the distributions. (*Teed* v. *Morton,* 60 N. Y.
502; *Brograve* v. *Winder,* 2 Ves. 634; *Houghton* v. *Whit-
greave,* 1 J. & N. 146.) This suspension of vesting or of
absolute right in all of this residuary estate which had been
previously affected by the several life estate trusts, or in any
part of said estate, does not subject any right to the arbitrary
or unjust and inequitable power of the trustee; but much
must be left to his fair and wise discretion. (*Manice* v.
*Manice,* 43 N. Y. 372.) If the said Walter Ayrault, the
father of appellant, were alive, he would be estopped from
making any valid claim against the trustee upon the score of
any of the distributions in which he had participated. (*Cul-
ross* v. *Gibbons,* 130 N. Y. 447; Perry on Trusts, § 850;
Pom. Eq. Juris. § 965.)

PECKHAM, J. The sole question for our determination arises
upon the construction to be given to the 25th clause in
the will of Allen Ayrault, who died February 4, 1861, then
being a resident of the county of Livingston in this state. The
will was duly admitted to probate, and everything being in
readiness for a final closing up and accounting by the trustee
under the will, of all matters pertaining thereto, such trustee

has brought this action to obtain a construction of the clause in the will above mentioned, and to make a final distribution of the funds in his hands, pursuant to the decree of the court.

The will provided for the creation of several separate and independent trusts, to commence at the time of the testator's death, and which might last in some cases for the full term permitted by the statute. The following is that portion of the 25th section which is material to be considered: "I give, devise and bequeath the rest, residue and remainder of my estate, both personal and real, not hereinbefore disposed of, and such portions of the same as shall remain after the trusts herein provided for are fully discharged and fulfilled, and the legacies herein given are paid in full, to my said trustee, to be by him disposed of as follows: I direct him to sell and convey all such estate, real and personal, and convert the same into money, or available means for such purpose, and dispose thereof as follows: I direct him as fast as practicable to divide two-thirds of said residuary estate between all the children of my brother John Ayrault, and my sister Mary Smith, widow of Sparrow Smith, and of my deceased brothers Nicholas Ayrault, Roswell Ayrault and Lyman Ayrault, and of my deceased sister Emily Griffith, who may be living at the time of my decease, and to the descendants of such of said children as may be deceased when said estate or any part thereof is distributed; said two-thirds of said residuary estate to be divided between all such children and their descendants equally, share and share alike; all the children of each deceased person to receive collectively the portion to which their parent would, if living at such distribution, be entitled under this provision."

The balance of the section provides for the disposition of the remaining one-third of the residuum of the estate. The question argued here relates to the vesting of the property to be distributed under the 25th section.

There is no question that the property is to be regarded as personal and that the rules applicable to that species of property are to be applied here.

The realty is directed to be sold by the trustee and converted into money and to be disposed of as directed in the will. There have been several distributions of portions of the residuum of the estate made by the trustee as from time to time he realized funds for that purpose, and such distributions have heretofore been made upon the theory that these legacies did not vest until each actual distribution of the estate which might from time to time be made, and in the event of the death of anyone, who, if living at the time of the distribution, would have been entitled to a share of the property distributed, his descendants would be entitled to his share, but if he died before a particular distribution was made, without leaving any descendants, his interest passed to the survivors and did not descend to the personal representatives or assignees of the legatee so dying.

The appellant Florence Ayrault is a daughter of Walter Ayrault, deceased, who was a son of the testator's deceased brother Nicholas mentioned in the 25th clause. She is one of the next of kin of certain nephews and one niece, who have died since the testator without leaving any descendants, and whose estates have not been recognized by the trustee as entitled to any further share in the distribution of the residuum, and their share has been upon former distributions divided among all the legatees who were entitled at that time to a portion of the residuum then divided, whereas it is now claimed on her behalf that the shares which would have gone to these deceased nephews and niece had they lived, should now be divided among their next of kin, they having died intestate and without descendants. In such case the share coming to the appellant would be larger than if the other basis of division were adopted.

There now remains a sum slightly exceeding $38,000 to be distributed, and the rule which shall govern therein is now to be decided.

The general rule is acknowledged by the parties that the law favors the vesting of legacies as soon as possible after the death of the testator. It is, however, a question of intention

as to what the will really means, and while it is the inclination of courts to adopt a construction which would permit such vesting, yet they must construe the will as actually made, and not attempt to make one which may seem to them better or wiser than that made by the testator. It is claimed on the part of the plaintiff that the language of this will brings the case strictly within what he states to be the general rule, that where in the case of personalty there is no gift except by way of a direction to the executor or trustee to pay or to divide and pay at a future time, the vesting of the property in the beneficiary will not take place until that time arrives.

The cases cited by the learned counsel for the plaintiff do not show that there is an absolute and unvarying rule which prohibits the vesting where the language does not in terms make a gift directly to the legatee, and where the direction is to divide and pay at some future time. The intention of the testator is still the guide, and the intention must be sought from the language actually employed.

In reading this will, it seems to us quite plain that the words used by the testator import a gift primarily to the children of his brothers and sisters "who may be living at the time of" his decease. The formal gift is made to the trustee, but he has no beneficial interest in it and it is made in order that he may convert testator's residuary estate into money, and as fast as practicable divide two-thirds of it among the children of the testator's brothers and sisters who may be living at the time of his death. Understanding, of course, the uncertainties of life, he provides for a substitution of the descendants of those children who may be deceased when the estate, or any part, is to be distributed, the descendant to take the share which the parent would have taken if living. The gift is, however, in substance to the children living at his decease, and we think it then vested, subject to be divested by the death of any child before distribution, and by the substitution of his or her descendants, if any were left. If there were no such descendants, then the property remained vested in the child, and upon his death formed part of his estate, subject to be disposed of as the law or his will provided.

We do not think that futurity is annexed to the substance

We do not think that futurity is annexed to the substance of this gift within the meaning of the expression as cited by Jarman (1 Jarman on Wills, 760). The cases cited by that learned author and commented upon in the brief of counsel for the plaintiff herein, do not present features at all similar to the will here in question.

The gift in reality is not in the future. It is to the children living at the time of testator's death, and if any should die before the distribution, in that event the substitution of his descendants takes place. It is only in the event of his dying, leaving descendants, that any such substitution is provided for, and if he die before the division and without descendants, the will makes no provision for the contingency, and the legacy which had vested in him upon the death of the testator goes, in that case, in the same way as any other vested interest would go, either to his next of kin or to his assignees or legatees.

In brief, we think this case is not one for the application of the rule referred to by counsel, because the meaning of the will is, as it seems to us, quite plainly the other way.

The fact that the residuum of this estate consisted partly of property tied up by trusts created by the testator, which would not probably fall in for some time, does not, in our judgment, call for a different construction of the clause in question. Many cases might be cited and commented upon in the further discussion of this case, but we think no useful purpose would be subserved. We have looked at those cited by counsel for the plaintiff and have come to our conclusion as to the true meaning of this will, in the light given us by reference to such cases.

Each will must, to a certain extent, be the guide to its own construction, and when, as here, we have language used which appears to us upon the whole case to import a present gift to these children with a possible substitution of their descendants in their place in case of their death, it is our part to provide for the carrying out of the obvious intent of the testator, so long as no rule is violated which has been laid down and followed by courts in the course of the many decisions upon

the subject. We do not think we violate any canon of construction or rule of law by this decision, but on the contrary we will carry out what seems to us to be the intention of the testator as expressed in this clause.

The part payments made by the trustees upon the several past accountings made by them, must remain unaffected by our decision herein. Those accountings have been approved by the surrogate and must be regarded as conclusive upon all past transactions and payments covered by them. They form no bar, however, to the proper decision of the question now presented as to the distribution of the property now in the hands of the trustee.

The judgment of the General Term of the Supreme Court must be modified in accordance with the views herein expressed, with costs to the plaintiff and also to the appellant, payable out of the fund, and without costs to any of the other parties in this court. If the form of the judgment is not agreed upon, it may be submitted to this court, upon notice.

All concur.

Judgment accordingly.