In the Matter of the Judicial Settlement of the Accounts of ANNA SEEBECK, as Surviving Executrix, etc., Appellant.

By the will of S., he devised certain real estate to his sister during life, with remainder to her children in equal shares. It was provided that, in case any of the children should be dead leaving lawful issue, the issue should take the share the parent would have taken if living. His residuary estate he gave to said children "in equal shares, to have and to hold the same, to them, their executors and assigns forever." By a codicil he revoked the clause disposing of said real estate, and in lieu thereof directed his executors to let the same and, out of the income, pay the sister $600 annually during life, and pay the balance to the sister's children in equal shares. He also modified the clause giving the remainder to the children by providing that one of them should not receive the fee, but only the income of one-fourth of the residuary estate during life, the fee at his death to go to his children. At the death of the testator, four children of his sister were living; thereafter H., one of them, died. *Held*, that in the absence of evidence that the children were minors living together as one family, and that the surplus income was designed for their support collectively, the children did not take the balance of the income as a class, but distributively; and so, that upon the death of H., the surviving children did not become entitled to the whole, but the widow of H., who was sole devisee and legatee under his will, was entitled to the share he would have taken if living; that the right of the four children to the real estate and the surplus income vested in them on the testator's death, and the enjoyment only of possession of the fee was postponed.

(Argued October 19, 1893; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1892, which affirmed a decree of the Surrogate's Court of Kings county adjudging that Anna M.

Tienken had no interest in the surplus income of the estate of John H. Seebeck, deceased.

Appeal, also, from an order of said General Term, made February 10, 1892, which reversed an order of said Surrogate's Court denying a motion to dismiss the petitions of Anna M. Tienken and others, as executors.

This proceeding was instituted by Anna M. Tienken, individually, and Anna M. Tienken and John S. Gage, as executors of Henry M. Tienken, deceased, to compel the sole surviving executrix and trustee of and under the last will and testament of John H. Seebeck to account and pay over the surplus income in the hands of said executrix and trustee of said John H. Seebeck, deceased, which the said Henry M. Tienken would have been entitled to if living.

The substance of the provisions of the will of said John H. Seebeck, and the facts, so far as material, are stated in the opinion.

*Theodore N. Melvin* for appellant. The decree of the Surrogate's Court should adjudicate upon the right of this appellant to the remainder in fee of the realty, under the Seebeck will. (Code Civ. Pro. §§ 2472, 2481, 2717, 2726, 2730; *Riggs* v. *Cragg*, 89 N. Y. 479; *In re Verplanck*, 91 id. 437; *Purdy* v. *Hayt*, 92 id. 446; *Dubois* v. *Brown*, 1 Dem. 317; *In re Thompson*, 5 id. 117; *Garlock* v. *Vandevort*, 128 N. Y. 374; *In re Tienken*, 131 id. 391.) By the 16th clause and by the 17th clause, as modified by the codicil, testator devised his houses and lots on Nassau and Bridge streets to his wife for life, or widowhood, and after her death or re-marriage, to the children of his sister, Anna Tienken. This language conferred a present vested remainder upon each child of Anna Tienken, the possession alone of which was postponed. (*Nelson* v. *Russell*, 135 N. Y. 137; 1 Jarman on Wills [5th Am. ed.], 287; 2 id. 458, 702; *Clark* v. *Lynch*, 46 Barb. 81; *Tucker* v. *Bishop*, 16 N. Y. 402; *Campbell* v. *Rawdon*, 18 id. 415; *Ferrer* v. *Pyne*, 81 id. 285; *Goebel* v. *Wolf*, 113 id. 405; *In re Tienken*, 131 id. 391;

*Moore* v. *Lyons*, 25 Wend. 119; *Traver* v. *Schnell*, 20 N. Y. 92; *Hopkins* v. *Hopkins*, 1 Hun, 355; *Livingston* v. *Green*, 52 N. Y. 124; *Kelly* v. *Kelly*, 67 id. 50; *In re Meyer*, 57 How. Pr. 207; *Embury* v. *Sheldon*, 68 N. Y. 233; *Converse* v. *Kellogg*, 7 Barb. 590; *Stevenson* v. *Lesley*, 70 N. Y. 515; *In re Wells*, 113 id. 403; *Quackenbos* v. *Kingsland*, 103 id. 128; *In re N. Y., L. & W. Co.*, 105 id. 89.) The portion of the income to which Henry M. Tienken would have been entitled had he survived, follows, and is an adjunct of the estate which he took, and his devisee is entitled to it, for " when, in consequence of a valid limitation of an expectant estate, there shall be a suspense of the power of alienation or of the ownership during the continuance of which the rents and profits shall not be disposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." (1 R. S. § 40; *Goebel* v. *Wolf*, 113 N. Y. 405, 415; *In re Tienken*, 13 id. 391; *Byrnes* v. *Stilwell*, 103 id. 458; 2 Jarman on Wills [5th Am. ed.], 469; *Bates* v. *Hillman*, 43 Barb. 647; *Vanderpoel* v. *Loew*, 112 N. Y. 177; *Smith* v. *Edwards*, 88 id. 103; *Haxton* v. *Corse*, 2 Barb. Ch. 518; *Kilpatrick* v. *Judson*, 15 N. Y. 326; *Gilman* v. *Reddington*, 24 id. 9; *Manice* v. *Manice*, 43 id. 373; *Robinson* v. *Robinson*, 5 Lans. 165; *Embury* v. *Sheldon*, 68 N. Y. 238; *Delafield* v. *Shipman*, 103 id. 463; *Schermerhorn* v. *Cotting*, 131 id. 59; *Warner* v. *Durant*, 76 id. 137.)

*Matthew Hale* and *Wm. D. Veeder* for respondents. There was no bequest or devise of the rents and profits or income of the property in question. (1 R. S. 732, 734, §§ 78, 95.) The intention of the testator clearly was to give an annuity of $600 to his sister, to be paid to her quarterly, and to give to each of his sister's children an annuity, the amount of which should be equal to one-fourth of the balance of the income of the property during their mother's life, after paying taxes, assessments, insurance and repairs. Such annuities, in the absence of any provision in the will to the contrary, were

limited to the respective lives of the beneficiaries thereof. (*Blewitt* v. *Roberts*, 10 Sim. 491; *Yates* v. *Madden*, 13 M. & G. 532; *Nichols* v. *Hawkes*, 10 Hare, 342; *Lett* v. *Randall*, 2 DeG., F. & J. 368; *Crooke* v. *County of Kings*, 97 N. Y. 421.) The children of Anna Tienken, in the substitute for the nineteenth item contained in the codicil, are referred to as a class and not severally or individually. (*Delaney* v. *McCormack*, 88 N. Y. 174; *Teed* v. *Morton*, 60 id. 502; *Bowditch* v. *Ayrault*, 138 id. 222; *In re Corlass*, L. R. [1 Ch. Div.] 460.) The twentieth item of the will does not affect the question as to the title to the income under the substitute for the nineteenth item contained in the codicil. (*Harvey* v. *Stracey*, 1 Dr. Ch. 73; *In re Susanni*, 26 Wkly. Rep. 93.) None of the items of the will or codicil, except the substitute for the nineteenth item contained in the codicil, relate to or affect the question of distribution of income, which was the only question before the surrogate in this case. The surrogate had, therefore, no jurisdiction to construe any other provisions of the will. (*In re Verplanck*, 91 N. Y. 439, 450; *Garlock* v. *Vandervort*, 128 id. 374.) The income due Henry M. Tienken at the time of his death was properly charged with its proportionate share of the taxes on the realty for the year 1889. (*In re Babcock*, 115 N. Y. 450.)

*George F. Martens* for John H. Tienken, respondent. Anna M. Tienken is not entitled to any interest in the estate and it was the intention of the testator that the *corpus* of the estate should not vest until the death of his wife. (*Delafield* v. *Shipman*, 103 N. Y. 463; *Shipman* v. *Rollins*, 98 id. 311, 324; *Warner* v. *Durant*, 76 id. 133, 136; *Smith* v. *Edwards*, 88 id. 92, 103, 104; *Kelso* v. *Lorillard*, 85 id. 177; *Vincent* v. *Newhouse*, 83 id. 505; *Magaw* v. *Field*, 48 id. 668; *Shannon* v. *Pickell*, 55 Hun, 127; *Delaney* v. *McCormack*, 88 N. Y. 174, 183; *Teed* v. *Morton*, 60 id. 502, 506; *Palmer* v. *Horn*, 84 id. 516, 520; *Ferrer* v. *Pyne*, 81 id. 281, 285; *Purdy* v. *Hayt*, 92 id. 446, 452.) The contention that the

Surrogate's Court had the power to construe the will in all its·
provisions, irrespective of whether the question is material or
not, is not well made. (*Kelsey* v. *Van Camp*, 3 Dem. 530;
*In re Verplanck*, 91 N. Y. 439.) The Surrogate's Court has
no jurisdiction either direct or incidental to determine the
construction and effect of devises, or other questions affecting
real property. (*Bevan* v. *Cooper*, 72 N. Y. 317.) The income
due Henry M. Tienken at the time of his death, October 31,
1889, was chargeable with its proportionate share of the tax
on the realty for that year, and the surrogate was right in
passing the account of the executors which so charged. (*In re
Babcock*, 115 N. Y. 450.)

MAYNARD, J. By the nineteenth clause of a will made May
20, 1880, the testator devised to his sister certain real property
in the city of Brooklyn during her life, with remainder to her
children in equal shares, and in case any of the children should
be dead leaving lawful issue surviving such issue should take
the share which the parent would have taken if living. By
the twentieth clause he gave the residue of his estate to his
sister's children in equal shares, to have and to hold the same
to them, their executors, administrators and assigns forever.
By the third paragraph of a codicil made April 9, 1881, he
revoked and annulled the nineteenth clause of his will, and in
lieu thereof he directed his executors to let the premises
described therein, and out of the income arising therefrom, to
pay to his sister the sum of six hundred dollars annually in
quarterly installments, and to pay over the balance of the net
income to his sister's children in equal shares. He made some
other changes in his will not now material to be noticed, and
ratified and confirmed it in all other respects. The provision
of the codicil was thus substituted for the nineteenth clause of
the will in its entirety; and the legal effect of the instrument,
so far as it disposed of the real property in question, was to
devise it to the sister's children, subject to the execution by
his executors of a power in trust to let it for the lifetime of
the sister and pay to her annually the sum of six hundred

dollars, and to her children in equal shares the balance of the net income.    The testator died in 1881.    Four children of his sister were then living, of whom Henry M. Tienken was one.

The executors rented the real property and distributed the income as required, until October 31, 1889, when Henry M. Tienken died, which event gave rise to the present controversy.    It was then insisted by the surviving children of the testator's sister that the personal representatives of the deceased brother were not entitled to share in the distribution of the balance of the net income of this real property; that the executors were directed to pay it to the sister's children, and that they took as a class and not distributively, and that upon the death of Henry M. Tienken the surviving children became entitled to the whole.    The surrogate decided otherwise, and held that the widow of Henry M. Tienken, who was the sole devisee and legatee under his will, was entitled to the share of the income which he would have taken if living.

The general term reversed the order of the surrogate and, by a divided court, affirmed the decree made in accordance with their decision, and held that the surviving children took the entire surplus income, to the exclusion of the representative of the deceased child, and the correctness of this decision presents the only question involved in this appeal.

The respondents rely upon the rule that where there is no gift except by a direction to executors or trustees to pay or divide at a future time, the gift does not vest in the beneficiary until that time arrives, and inasmuch as in the nineteenth clause of the will, as modified by the codicil, there is no gift in express terms to anybody, but merely a direction to rent the property and distribute the income from time to time, only such persons are entitled to share in the distribution as correspond to the designated class of beneficiaries existing at the time when each distribution is made.    But the law favors the vesting of legacies, and this rule has many exceptions engrafted upon it, not the least important of which is that it must be subordinated to the intent of the testator, to be gathered from the entire testamentary scheme. (*Bowditch* v. *Ayrault*, 138 N. Y. 222.)

It is evident that the primary object of the creation of the power in trust in this case was to secure to the testator's sister an annual income of six hundred dollars, payable out of the rents of the real property, and the same persons are made the beneficiaries of the balance of the income, who will become entitled to the corpus of the estate after the death of the sister. It is conceded that the power in trust will not survive her death, and that all of her children acquired a present vested title in the real property immediately upon the death of the testator, subject only to the execution of the trust power. These two clauses of the will are closely related, and should receive the same construction as would be given them if both had been incorporated in the same paragraph. The testator's object is very clear. He sought to secure to his sister a definite annual income out of the rents and profits of certain real property, which he had devised to her children in equal shares; but as these rents and profits might be more than sufficient to produce the required income for his sister, he provides that her children, who are upon her death entitled to the real property itself, shall take the balance of the income in equal shares. The title to this part of the income was to vest in the same parties as the body of the estate which produced it, and precisely the same words are used to denote the beneficiaries in the one case as the other. There are no words of survivorship, and no good reason has been shown or suggested why it should be held that the children of the sister should take as a class in one case, and distributively in the other. It does not appear that they were minors living together as one family, and that this income was designed for their support collectively. It is more reasonable to infer that he intended that the gift of the surplus income should take the same direction as the land out of which it issued. The children of the sister took the income as tenants in common, and not as joint tenants. It was to be divided between them in equal shares, and any mode of expression which denotes a severance is sufficient to create a tenancy in common. By the well-settled rules of testamentary construction the children referred to are those

living at the testator's death.    The rights of after-born chil-
dren are not involved.

We think the intent of the testator is further evidenced by
the modification of the twentieth clause made by the fourth
paragraph of the codicil, where he provides that one of the
children shall not receive the fee, but only the income of one-
fourth of the residuary estate during his lifetime, and that the
fee shall go to his children after his death.    It is evident that
he contemplated a division of income into four equal parts to
correspond with the number of children living at his death.
But, under the claim of the respondent, if all the children
except this one should die in the lifetime of the mother, he
would be entitled during her life to the entire surplus income.

We think in the present case that it is clear that the testator
intended that the right of his sister's children to this real
property and to the surplus income should vest in them imme-
diately upon his death, and that the enjoyment only of the
possession of the fee should be postponed, and that it is not
distinguishable in principle from *Goebel* v. *Wolf* (113 N. Y.
405) and *In re Tienken* (131 id. 391).

The judgment and order of the general term and the
decree of the surrogate must be reversed and the order of the
surrogate appealed from affirmed, with costs in this court to
the appellant, to be paid out of the estate, and the proceeding
remitted to the surrogate's court for a further hearing.

All concur.

Judgment accordingly.