In the Matter of the Judicial Settlement of the Accounts of GEORGE S. YOUNG, as Executor, etc.

H. by his will gave to his wife the use of his dwelling house until his farm should be sold. It directed a sale of the farm as soon after his decease as it could be done without undue sacrifice, and a reservation out of the proceeds of the sale of $4,000 for the use of his wife during life, the same after her decease to be divided among his three children. The testator then gave to his children, within one year after the aforesaid sale of real estate and the reservation for the use of the wife, the whole of the balance of his property. Debts owing by the children were referred to as a part of their inheritance. One of the children died during the lifetime of the widow. In an action for the construction of the will, *held*, that the intent of the testator was to give to the children all of his estate except that given to the wife, and so it covered the trust fund as a remainder; that at his death the title vested in the three children, and the share of the one who died passed upon her death to her representatives.

Reported below, 78 Hun, 521.

(Argued March 21, 1895; decided April 9, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 20, 1894, which affirmed a judgment judicially settling the accounts of the executors of Amos Hurlbutt, deceased, entered upon a decree of the surrogate of the county of Cayuga.

The proceeding involved a construction of certain provisions of the will of said Amos Hurlbutt, the substance of which is set forth in the opinion.

*S. Edwin Day* for appellant. As Mary Tifft died before her mother, Mary Hurlbutt, widow of testator, the interest which, otherwise, the former would have taken in the $4,000, part of the price of real estate to be sold after testator's death, and mentioned in the second clause of the will, lapsed. (*Delaney* v. *McCormack*, 88 N. Y. 174, 183; *Delafield* v. *Shipman*, 103 id. 463; *Smith* v. *Edwards*, 88 id. 92, 106; *Teed* v. *Morton*, 60 id. 502; *Vincent* v. *Newhouse*, 83 id.

505, 511; *Shipman* v. *Rollins*, 98 id. 311, 324 : *Marson* v. *Purdy*, 9 N. Y. Supp. 579; 126 N. Y. 667; *In re Cameron's Estate*, 27 N. Y. Supp. 1031.) It clearly appears from the will itself that the testator did not intend that the interest of the children in the $4,000 should vest at once, but did intend the contrary. (*Knox* v. *Jones*, 47 N. Y. 389; *Robert* v. *Corning*, 89 id. 225; *Underwood* v. *Curtis*, 127 id. 523; *Cochrane* v. *Schell*, 140 id. 516.) The testator died intestate as to the share that Mary Tifft would have taken in the $4,000 had she lived longer than her mother, and it passed to the widow and the surviving children — one-third to the widow and two-thirds to Amos J., Ellen Close and Mary Tifft, in equal portions. (*Kerr* v. *Dougherty*, 79 N. Y. 327.) The appeal is properly taken from the order. (112 N. Y. 525; 99 id. 74.)

*Newman & Blood* for respondent. The interest of Amos J. Hurlbutt, Mary Tifft and Ellen Close in the $4,000 reserved vested at once upon the death of the testator. (*In re Seebeck*, 140 N. Y. 241; *McKinstry* v. *Sanders*, 58 id. 622; *Embury* v. *Sheldon*, 68 id. 227; *Smith* v. *Edwards*, 88 id. 105; *Leeming* v. *Sherratt*, 2 Hare, 14; *Campbell* v. *Stokes*, 142 N. Y. 23; *Miller* v. *Gilbert*, 144 id. 68; *Goebel* v. *Wolf*, 113 id. 405; *Vincent* v. *Newhouse*, 83 id. 511; *Griffin* v. *Shepard*, 124 id. 70.) Even though there be no other gift than in the direction to pay or distribute *in futuro*, yet if such payment or distribution appear to be postponed for the convenience of the fund or property, the vesting will not be deferred until the period in question. (Jarman on Wills, 798; *In re Jennings*, 15 N. Y. S. R. 807.) The fact that the testator directs the sale of his farm "as soon after my decease as it can be done without undue sacrifice," does not except this case from the operation of the rule that an unqualified and peremptory direction operates as a conversion of the real estate into personalty from the time of the death of the testator. (*Fisher* v. *Banta*, 66 N. Y. 468; *Lent* v. *Howard*, 89 id. 169; *Betts* v. *Betts*, 4 Abb. [N. C.] 317, 386; *Bowditch* v. *Ayrault*, 138 N. Y. 222.)

FINCH, J.  The controversy over the construction of this will arises out of the provisions contained in its second paragraph.  The testator first gave to his wife five thousand dollars and his household goods, the use of his house until the farm should be sold, and an annuity of one hundred dollars from its rents, issues and profits until that sale should take place.  He then provided thus: "Second: I hereby ordain and require the sale of my farm as soon after my decease as it can be done without undue sacrifice, and out of the proceeds of such sale four thousand dollars are to be reserved for the use of my aforesaid wife in the purchase of another home; or, if she shall choose not to so purchase, or choose a place of less value, then the whole of the money or balance left after purchase shall be placed at interest, and the profits arising therefrom shall be hers during life, and after her decease this amount of four thousand dollars, or the premises my said wife may purchase, with any balance of money left after purchase, shall, after her decease, be equally divided among my children, Amos J. Hurlbutt, Mary Tifft and Ellen Close."  It has happened that the daughter Mary died in the lifetime of the widow, and as a consequence it is claimed by the appellant that the bequest to her lapsed because it was only to vest upon the death of her mother; while on the other side it is contended that the legacy of the principal sum vested at once upon the death of the testator, and so at the death of Mary passed to her representatives. Both sides appear to agree that the imperative direction to sell the farm worked an equitable conversion which requires us to treat the subject of the gift as personal property.  Both parties also appear to concur in the theory that the executors became trustees of the fund for the life of the widow, and that while no express trust was in terms created, one should be implied to enable the executors to perform the duties imposed.  That is not an unreasonable construction, but whether it be correct, or the widow took a legal estate for life in the fund, we need not now inquire, for in either case the principal of the fund remains undisposed of by the terms of

the second paragraph except so far as involved in the direction with which it concludes, requiring an equal division among the three children after the decease of their mother. It is upon that form of the gift of the principal, which is in substance the remainder after the life estate, that the appellant takes his stand, invoking the application of the rule that where there is no gift and no language importing such gift except in the direction to convert the real estate into money and then make distribution, the vesting is postponed because time is annexed to the substance of the gift. (*Delaney* v. *McCormack*, 88 N. Y. 174.) We have steadily maintained that the rule referred to is not inflexible or arbitrary, and is to be applied in subordination to the testamentary intention, and not as destructive of it. (*Smith* v. *Edwards*, 88 N. Y. 105; *Bowditch* v. *Ayrault*, 138 id. 229; *Campbell* v. *Stokes*, 142 id. 29; *Miller* v. *Gilbert*, 144 id. 73.) In the present case we must, therefore, take into account the other provisions of the will and the general purpose deducible from its terms, and in that process our attention is at once directed to the gift which immediately follows the disputed clause and which forms the third paragraph of the will. It reads thus: "I give to my children, Amos J. Hurlbutt, Mary Tifft and Ellen Close, within one year after the aforesaid sale of real estate and the reservation of the aforesaid four thousand dollars for the use of my wife, the whole of the balance of my property not hereinbefore devised, to be equally divided between them," and then speaks of debts owing by them as being "part of their inheritance." The obvious meaning of the testator is that he gives everything to his children except what he had already given to his wife. If the two clauses are read together, as they should be, their manifest purport becomes a gift of all the property to the children except that previously devised to the wife, the enjoyment of the four thousand dollars being postponed to her decease. The gift is broad enough to cover the trust fund as a remainder and would have done so without the least doubt if there had been no previous direction to divide. It

would have been the only gift made and have prevented intestacy as to the four thousand dollars. That being so we are bound to regard the direction as to division not as a gift, not as something " hereinbefore devised," but as a postponement of the possession of what by the third clause is fully and absolutely given. That clause carried the principal of the fund to the children, and the provision for payment in one year related to the whole gift except as necessarily limited by the necessities of the previous creation of the trust fund. This view is strengthened by the description of the gift to his children as " their inheritance," and by his later provision for Ellen in which he seeks to guard " the property set apart to her " from the control of her husband, and still further by the fact that a postponement of the actual distribution was essential to the operation of the precedent life estate of the widow, and that no uncertain contingency clouded the gift to the children.

The learned counsel for the appellant argues that time entered into the substance of the gift, because the thing given was the money and not the land, and as money it had not even come into existence at the death of the testator. But the equitable conversion, where a sale is imperative and dependent upon no contingency, dates from the death of the testator, and if, disregarding that date and placing the conversion at the actual sale, we undertake to scan the situation we shall see that the farm itself and its whole rents and profits, subject only to the widow's use and the annuity of one hundred dollars, vested at once in the three children, and would have stayed there and remained there now if the power of sale had not been executed. Time may fairly be said to enter into the substance of a gift when the existence of such a gift depends upon a contingency which may or may not happen, but where the only contingency is a death certain to occur and the legatees are known and fixed, it is more natural to regard a postponed division as relating to the period of actual enjoyment, where there are other words in the will evincing an intent to make the gift. It is quite evident in this case

that the postponement of the distribution was to let in the interest of the widow (*Loder* v. *Hatfield*, 71 N. Y. 100), and enable her to receive the income of the fund during her life. We think, therefore, that the legacy to Mary vested at the death of the testator. .

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.