(91 Hun, 120.)

## In re WING'S ESTATE.

(Supreme Court, General Term, Third Department. December 3, 1895.)

WILLS—CONSTRUCTION—WHEN ESTATE VESTS.

 Testator gave to his widow, during widowhood, the use of certain property and an annuity. He gave the balance of his property to his executors in trust to pay said annuity out of the income, and to pay all the balance of the income to his two daughters, share and share alike, until the death or marriage of his widow. He further directed that, in case of the death of both daughters during the widowhood of the widow, each decedent's share of the income should be paid to her children. He further directed the executors, at the death or marriage of the widow, to convert into personalty the real estate of which she was given the use, so that the whole estate should be personal property, and to divide the income equally between his two daughters, but if either daughter should be dead, to pay one-half of the principal to her children, and to invest the other half for the benefit of the surviving daughter for life, remainder to her children, and, if both daughters should be dead, then the principal should be paid to their children. The will finally recited that it is "my intention and will that my said daughters shall have and enjoy absolutely for their own property during their lives, respectively, each one-half of the whole income of my estate from the date of my decease, * * * and that the principal * * * shall be equally divided between the children of said daughters absolutely for their own property." *Held*, that the children of testator's daughters took a vested estate, under the will, at the death of testator.

Appeal from surrogate's court, Warren county.

Accounting by Stephen Brown and Dwight Merriman, as trustees under the will of Abraham Wing, deceased. From a decree of the surrogate settling the accounts of the trustees, Ella W. Sharp, daughter of testator's daughter Mary W. Merriman, and William H. Withington, ancillary administrator of Howard L. Merriman, deceased, a son of said Mary W. Merriman, appeal. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Edwin R. Safford (Charles A. Blair, of counsel), for appellant Withington.

Edgar T. Brackett, for appellant Ella W. Sharp.

Louis M. Brown (A. D. Wait, of counsel), for respondent Dwight Merriman.

PUTNAM, J.   We are called upon to review the decree of the surrogate of Warren county stating and settling the accounts of Stephen Brown and Dwight Merriman, trustees under the will of Abraham Wing, deceased, in which decree the surrogate gave a judicial construction to the provisions of said instrument.   The will bequeathed to Frances A. Wing, wife of the testator, his mansion house and lot, and certain personal property therein, during the time she shall remain his widow, and also an annuity of $3,000; to his daughter Mary W. Merriman, a life estate in a farm in Michigan, with remainder to her children; and the rest of his property to his executors, in trust for the uses and purposes in the will mentioned.   The instrument contained the following provisions:

"Fourth. I hereby authorize and direct my executors to apply and appropriate the avails and proceeds of said property and income therefrom to the uses and purposes following, to wit: 1st. To pay my funeral expenses and all my just debts. 2nd. To pay the above-mentioned annuity to my wife. * * * 3rd. To furnish whatever money may be necessary, in the discretion of my executors, for the reasonable care and support of my sister Mary Ann Wing, from time to time, as she shall need the same, and also to pay her funeral expenses. 4th. To pay over all the balance of the income and increase of my estate, except the expenses of the execution of this trust, including taxes and all other legal charges thereon (which are to be first paid), annually, until the death or marriage of said Frances A., to my said daughters Mary W. Merriman and Ella W. Parker, share and share alike, for their own use and benefit, respectively, and in case of the decease of either of said daughters during the widowhood of said Frances A., as aforesaid, then and in such case to pay the half share of said income to the children of such daughter which would have belonged and been paid to the deceased daughter, had she survived; and, in case of the death of both of said daughters during the widowhood of said Frances A., then such income shall be paid and belong to the children of said daughters, respectively, one-half of said income to the children of Mary W., and the other half to the children of Ella W., from and after the death of each of said daughters, respectively. Fifth. I direct my executors, on the death, or, if she shall marry, then on the marriage, of said Frances A., to convert said mansion house and lot, and any other real estate remaining undisposed of, if any, into personal property, so that my whole estate shall become personal property, and, if my sister Mary Ann shall then be living, to set apart the sum of ($5,000) five thousand dollars therefrom, and invest the same as a fund, out of which, and the income therefrom, my executors shall provide for her support and maintenance during her lifetime, as above directed, and funeral expenses; and whatever may not be used and appropriated for that purpose I give and bequeath as follows: If my daughters shall be both living, one-half to each of them; if one daughter only shall be then living, one-half to her and the other half to the children of the deceased daughter; and, if both daughters shall be deceased, then one-half to the children of one daughter and the other half to the children of the other daughter, and the balance (after deducting said $5,000), and the whole if said Mary Ann shall not survive the death or marriage of said Frances A., shall be divided into two equal parts, share and share alike, by my executors, and be disposed of as follows: 1st. If neither of my said daughters shall be then living, one of said half parts shall be paid to the children of said Mary W., and the other half to the children of said Ella W.  2nd. If one of said daughters shall be then living, and the other deceased, then one of said half parts shall be paid to the children of the deceased daughter, and the other half part shall be invested and kept invested by my executors during the lifetime of such surviving daughter, and the income therefrom shall be annually

paid over to her, and on her decease the principal shall be paid over to her children. 3rd. If both my said daughters shall be then living, then one of said half parts shall be set apart for and assigned to the children of Mary W., and kept invested by my executors during her lifetime, and the income thereof paid over annually to said Mary W., and on her decease the principal of such half part shall be paid over to her children; and the other half part shall be set apart for and assigned to the children of Ella W., and kept invested by my executors during her lifetime, and the income thereof paid over annually to said Ella W., and on her decease the principal of such half part shall be paid to her children. It being my intention and will that my said daughters shall have and enjoy absolutely for their own property during their lives, respectively, each one-half of the whole income of my estate from the date of my decease (subject, however, to the provisions and bequests in favor of my wife and sister, and all taxes, the expenses of executing, the trusts herein created, and all other legal charges, and also exempting the real estate and use thereof devised to said Mary W. and her children), but no part of the principal (except said $5,000, or the balance thereof which may remain after the decease of my sister Mary Ann), and that the principal (except said $5,000, or the balance thereof unexpended, and said devises in fee) shall be equally divided between the children of said daughters absolutely for their own property, subject, however, to the above-provided life estate in the same,—one-half to the children of Mary W., and the other half to the children of Ella W. And the receipts of said Mary W. and Ella W., respectively, for such income, shall be a sufficient discharge and voucher to my executors."

Testator died on the 13th day of June, 1873, leaving surviving him his widow, Frances A., and a daughter, Mary W., wife of Dwight Merriman, and Tracy D. Merriman, Nellie W. Merriman (now Ella W. Sharp), and Howard L. Merriman, children of said Mary W. and Dwight Merriman; also his daughter Ella W. Parker, and her two children, Frederick T. and Frank W. Taylor. All of said children were born before the execution of the will. The questions submitted to us pertain exclusively to the one-half of the estate bequeathed to Mary W. Merriman and her children. Tracy D. Merriman, one of the children of said Mary W., died intestate, never having married, on January 19, 1880. Mary W. Merriman died June 10, 1892, and her husband, Dwight Merriman, was appointed temporary administrator of her estate. Howard L. Merriman, another child of said Mary W., died August 4, 1893, and is represented by William H. Withington, as administrator. Hence, of the family of Mary W., appellant Ella W. Sharp, her daughter, and Dwight Merriman, her husband, only remain. The surrogate determined that on the death of testator the three children of his daughter Mary took a vested interest in the principal of one-half of the estate, and that one-third of the net income thereof, after the death of said Mary W., belonged to said Ella W. Sharp, one-third to Withington, as administrator of Howard L. Merriman, and one-third to Dwight Merriman, individually, as father and next of kin of Tracy W. Merriman, deceased. The appellant Sharp contends that under the provisions of the will the principal of the estate bequeathed to the children of Mary W. will not vest until the death of the widow of testator; the income thereon did not vest until the death of Mary W.; that she, said appellant, as survivor of the children of Mary W., will take the whole of said principal; that the income in the will directed to be paid to the children of Mary W. in consequence of the death of Tracy and his mother, after her

death, was payable to said Ella and her brother Howard, and on his death all of said income belonged to her.

It will be seen by the above-quoted provisions of the will that the legal estate of the trustees ends, as to the one-half part of the estate bequeathed to Mrs. Merriman and her children, with the life of the widow and the daughter Mary.   On the termination of these lives the trustees are to divide the estate, and their legal interest therein ceases.   Hence, subject to the estate of the trustees under the will, there is a remainder not bequeathed to them, and which, unless vested in the grandchildren on the death of the testator, remained, during the continuance of the estate of the trustees, unvested.   In re Tienken, 131 N. Y. 391, 30 N. E. 109; Stevenson v. Lesley, 70 N. Y. 512; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388. There are certain well-settled principles which it is proper to bear in mind at the outset of our investigation.   One is that the law favors the vesting of estates.   A remainder is not to be considered as contingent in any case where it may be held vested consistently with the intent of the testator.   Moore v. Lyons, 25 Wend. 119–144.   But, while the law favors the vesting of legacies as soon as possible after the death of a testator, the intention of the deceased, as deducible from the language and provisions of the will, must be carried out.   Bowditch v. Ayrault, 138 N. Y. 222–229, 34 N. E. 514. It has also been held that where a remainder is bequeathed, the enjoyment of which is postponed, time enters into the substance of the gift, when its existence depends upon a contingency that may or may not happen; but where the only contingency is a death certain to occur, and the legacies are known and fixed, a postponing clause should be regarded as relating only to the period of actual enjoyment.   In re Young, 145 N. Y. 535–539, 40 N. E. 226; Bowditch v. Ayrault, 138 N. Y. 229, 230, 34 N. E. 514; Moore v. Lyons, 25 Wend. 143, 144.

It is urged by appellant that in the will under consideration there is no gift by testator to the children of his daughters, but by the direction to the executors to pay, or to divide and pay, on the death or marriage of his widow, and on the termination of the life estate of the mother, and hence that the principal of the estate bequeathed to the grandchildren will not vest until the death of Frances A. Wing.   But the rule invoked by the appellant is not inflexible, and is subordinate to the primary rule of construction that the intent of the testator, as deducible from the whole will, shall govern.   Goebel v. Wolf, 113 N. Y. 405–412, 21 N. E. 388; In re Young, 145 N. Y. 538, 40 N. E. 226; Bowditch v. Ayrault, supra; In re Seebeck, 140 N. Y. 246, 35 N. E. 429.   It becomes our duty, therefore, to carefully examine the language and provisions of the will under consideration, with a view of arriving at the intent of the testator as to the vesting of the estate bequeathed to his grandchildren. After a careful consideration of the latter part of the fifth clause of the will, and the other provisions and directions therein contained, and bearing in mind the principle above adverted to,—that a remainder is not to be considered as contingent in any case where it

may be construed to be vested consistently with the intent of the testator,—we have reached the conclusion that each of the three children of Mary W. Merriman living at the death of testator took a vested remainder in his or her share of the estate expectance upon termination of the trust estate. We think the provisions in the will indicate an intent by the testator that the bequests to his grandchildren should not be contingent and dependent upon their surviving the widow, but should vest on his decease. In the first place, the position taken by appellant that the will under consideration contains no gift of the principal of one-half of his estate to the children of his daughter Mary, except by a direction to divide at a future time, is not entirely correct. In the latter part of the fifth clause the testator says:

"It being my intention and will that my said daughters shall have and enjoy absolutely for their own property during their lives, respectively, each one-half of the whole income of my estate from the date of my decease, * * * and that the principal * * * shall be equally divided between the children of said daughters absolutely for their own property, subject, however, to the above-provided life estate in the same."

This language imports a present and direct gift of the said principal to his grandchildren, subject to the life estate of their mothers therein, although the enjoyment of such principal, under other provisions contained in the will, is postponed until the termination of the estate of the trustee. The clause above quoted has, we think, the same effect as if the testator had said:

"I will, devise, and bequeath the income of said principal sum to my daughters, one-half to each during their respective lives; and, subject to such life estates, I will said principal to their children, to be equally divided between them."

If this construction of the language of the instrument is correct, the case is within the principle that, where a will evinces an intent to make a direct gift to legatees, a direction for payment after the happening of a certain event does not prevent its vesting at the death of the testator. In re Mahan, 98 N. Y. 372–376; Warner v. Durant, 76 N. Y. 133–136; Moore v. Lyons, supra.

But assuming that the construction placed upon the language of the will by appellant,—that it contains no gift to the children of his daughter Mary, except by the direction to his trustees to pay at a future time,—yet we think the instrument indicates the intent of the testator that the estate bequeathed to his said grandchildren should vest on his decease. In the first place, the language used by the testator, above referred to, in which he declares his will that his said grandchildren shall have the principal of one-half of his estate, subject to the life estate of their mothers, evinces an intent to make a present and absolute gift to them. Certainly the language used by the testator is not inconsistent with the vesting of the remainder on his death in his said grandchildren, and hence the estate bequeathed to them should not be deemed contingent. Moore v. Lyons, supra. As we have seen, the intent of the testator as to the vesting of his estate, as collected from the provisions of the will, must be carried out. In the clause above quoted he de-

clares his intent. The declaration is contained in one sentence. It refers to all his estate. It is his intent, he says, that his daughters shall have—each one-half—the income of all his estate, subject to the provisions in favor of his wife and sister, but no part of the principal, which principal shall be equally divided between the children of said daughters absolutely for their own property, subject to the life estate of their mothers. This language indicates an intent to make a direct and absolute gift to the children of his daughters. The life estate of the daughters commenced on the death of the testator. From his death they were entitled to receive the income of his estate, except such portion as was bequeathed to the widow, but not the principal, which the testator gave to the children of his daughters. The appellant construes the said provision as if it provided that the said principal shall be equally divided between the children of said daughters absolutely for their own property, provided they survive his widow. Such a construction is unauthorized. The testator does not declare his intent to give the principal to the survivor or survivors of the children of his daughter Mary at the time of the distribution of his estate, but rather to make a present gift of such principal to said children. It will be noticed that, if the position of appellant is sustained, if the three children of Mary W. Merriman should die before the widow the one-half of the estate set apart for said Mary and her children would remain undisposed of on her decease; also, under the will, had Mary died before either of the children, each would have been entitled to one-third of the income of one-half of the estate, although the vesting of the estate was contingent upon them surviving the widow. In other words, they would have received the income of a principal not vested in or owned by them, and which they might never own. The fact above referred to—that the testator declared his intent to be that the principal of his estate should be divided among his grandchildren, and did not provide that it should go to the survivor or survivors at the time of distribution—is most significant. Andrews, J., in Goebel v. Wolf (page 413, 113 N. Y., and page 388, 21 N. E.) said:

"There is nothing on the face of the will to indicate that the testator contemplated the death of any of his children during minority, or that any of them might not take the equal one-fourth share of his estate on the final division. The gift of the ultimate estate is not, in terms, to his children living at the time of the division, or to the survivors of his children, but the division is directed to be made among 'my children, share and share alike.' Words of survivorship were not necessary, if the gift, by construction of law, was to the children who should be living at the time of the division. But it would have been very natural that words of survivorship should have been inserted to emphasize his intention, if the testator had intended that only children surviving at that time should be entitled to his estate."

Those remarks of the learned judge apply to this case. Here the testator declared his intent and will to be that the principal set apart should be divided equally between the children of his said daughters absolutely for their own property, subject to the life estates of the mothers. There are no words of survivorship. The gift is not made to those children at the termination of the life of

the widow, but to the children of the daughters,—apparently among the children living at the time of his death. We have already called attention to the doctrine stated by Finch, J., in Re Young, 145 N. Y. 539, 40 N. E. 226, that:

"Time may fairly be said to enter into the substance of a gift when the existence of such a gift depends upon a contingency which may or may not happen; but where the only contingency is a death certain to occur, and the legatees are known and fixed, it is more natural to regard a postponed division as relating to the period of actual enjoyment, where there are other words in the will evincing an intent to make the gift."

So, in this case, there are words indicating an intent of the testator to make a present gift, as we have seen. The legatees are known and certain. The only contingency claimed to prevent the vesting of the estate is the death of the widow, which is certain to occur.

Many late cases decided in our court of last resort might be cited which tend to support our views in regard to the vesting of the estate in question in the grandchildren of testator. In Goebel v. Wolf, supra, the will gave an estate, consisting of real and personal property, to trustees, providing that one-half of the income thereof be paid to the wife during her life, and, after some provisions unnecessary to state, contained the following direction to the trustees:

"Immediately upon the arrival of my youngest child at the age of twenty-one years, in case my said wife shall not then be living, to divide all my estate, real and personal, and the accumulation of interest, equally among my children, share and share alike, after deducting all advances made as above quoted to any of my children, so that each of my children shall have and receive an equal share of my estate."

There was in the will no gift, in terms, to the children of the testator. It appeared that one of the four infant children living at the time of testator's death had since died, under age, and without issue. The court held that the gift was not to the children as a class, but each, on the death of testator, took a vested remainder in one-fourth of the residuary estate, dependent upon the termination of the trust, and that the share of the one who died, with the accumulation of interest therefrom, descended to his heirs or next of kin, according to the nature of the property; also, that such descendants were entitled to any income that may hereafter accrue during the trust period. In Bowditch v. Ayrault, 138 N. Y. 222, 34 N. E. 514, the will devised the residue of the estate to the trustee and directed him—

"As fast as practicable to divide two-thirds of said residuary estate between all the children of my brother John Ayrault and my sister Mary Smith, widow of Sparrow Smith, and of my deceased brothers Nicholas Ayrault, Roswell Ayrault and Lyman Ayrault, and of my deceased sister Emily Griffith, who may be living at the time of my decease, and to the descendants of such of said children as may be deceased when said estate, or any part thereof, is distributed; said two-thirds of said residuary estate to be divided between all such children and their descendants equally, share and share alike; all the children of each deceased person to receive, collectively, the portion to which their parent would, if living at such distribution, be entitled under this provision."

In his opinion Judge Peckham says:

"The gift is, however, in substance, to the children living at his decease; and we think it then vested, subject to be divested by the death of any child before distribution, and by the substitution of his or her descendants, if any were left. If there were no such descendants, then the property remained vested in the child, and, upon his death, formed part of his estate, subject to be disposed of as the law or his will provided."

There was no gift to the children of the testator, or to their descendants, except by the direction to the trustee to divide the two-thirds as above specified. The gift was to the trustee, who held, under the will, the legal estate. It will be observed that in the case cited—the bequest being to the children of the testator and descendants of those who may have died, to be divided equally, share and share alike, between them—the court, in effect, held that each of such children, on the death of the testator, became seised of a share of the estate, which, on his death before distribution, formed a part of his estate. In Re Seebeck, 140 N. Y. 241, 35 N. E. 429, the testator devised an estate to his sister for life, with remainder to her children in equal shares. It was held that the children became vested, on the decease of testator, distributively, and not as a class. See, also, In re Tienken, supra; In re Young, supra; Moore v. Lyons, 25 Wend. 119; Stevenson v. Lesley, 70 N. Y. 512.

Counsel for appellant Sharp urges that upon the naming of a class as "children," in a devise or bequest without words indicating that they are to take in severalty, as referring to the individuals composing the class, by name, numbers, or providing that the gift shall be "divided equally," "share and share alike," or similar expression, or other provisions of the will indicating an intent that they are to take distributively, they take as a class, and the survivor, at the time the gift vests, takes the whole, and cites many authorities to sustain his contention. If the conclusion reached by us is correct,—that the will in question evinces the intent of the testator to make a gift to the children of his daughter Mary, not contingent upon their surviving the widow, but a gift vesting on his decease,—the authorities so cited by appellant are not applicable to this case, nor are they in conflict with the late case to which we have called attention. The gift to the children of Mary W. Merriman vested on the death of testator. The three then surviving took the estate. The estate being so vested in them, they necessarily took it as tenants in common or distributively. It requires no citation of authority to show that where there is in a will a bequest to several children, who become vested with the property on the death of testator, said children, being thus vested, take distributively, unless a contrary intent on the part of the testator appears in the will. No intent appears in the will under consideration that the children of Mary W. should take as a class, or otherwise than distributively. See In re Seebeck, Bowditch v. Ayrault, Goebel v. Wolf, supra.

The remaining question to be considered is as to the disposition of the income of the estate since the death of Mary W. Merriman,

and during the lifetime of the widow.    The appellant Sharp claims that she was entitled to one-half of such income until the death of her brother Howard L., and since his death to the whole.    The administrator of Howard L. claims one-half of the income since the death of his mother.    If our views above expressed are correct, on the death of Abraham Wing the three children of Mary W. Merriman became each vested with an undivided third part of his residuary estate, the possession of which, by the provisions of the will, was postponed until the termination of the widowhood of Frances A. Wing and the life estate of their mother, and subject to the estate of the trustees for the period of the lives of said Frances A. and Mary W.    It is important to clearly understand what estate the testator gave to his grandchildren.    The provisions of the will leave little doubt as to his intention in that regard.    He declared it to be his intent and will that his grandchildren should have the principal of his estate absolutely for their own property, subject to the life estates.    In other words, on his death this principal, from which the income was to be paid Mary W. Merriman during her life, was vested distributively in her three children, subject only to her life estate, or subject to the payment to her of the interest and income on the principal so vested in the grandchildren during her life, and subject to the estate of the trustees.    On the payment of the income to Mary W. ceasing on account of her death, the several grandchildren, or their representatives or next of kin, being vested with the principal, in the language of the will, absolutely for their own property, were and are as much entitled to the income accruing thereon as they will be, on the death of the widow, to the principal itself.    They would each have been entitled to such income from the time of the death of testator, had it not been for the provisions of the will giving such income to the mother during life.    After she ceased to draw the income, each of her children, or his or her representatives, remained the absolute owner of one-third of the principal, subject to the trust estate, and entitled to the interest accruing on such principal.    We think it necessarily follows from the conclusions above arrived at that each of said grandchildren, being vested with one-third of the one-half of the residuary estate left by the testator, subject to the trust estate, and to the payment of interest thereon to Mary W. Merriman during her life, on that payment ceasing, being the absolute owner of such one-third, became entitled to the income derived therefrom, and, on the death of either representative or next of kin, succeeded to their rights.    See Goebel v. Wolf, supra.

It follows that the decree of the surrogate should be affirmed, with costs against the appellants.

MAYHAM, P. J., concurs in result.    HERRICK, J., concurs.