(27 Misc. Rep. 738.)

DOUGHERTY et al. v. THOMPSON et al. (two cases).

(Supreme Court, Special Term, New York County. June, 1899.)

1. WILLS—LAPSED LEGACIES.
    Where testator, in several clauses of his will, directed that certain portions of his estate, primarily devoted to other purposes, should, on the failure of such purposes, become a part of the residuary estate, a legacy as to which no provision is made as to lapsing will not be held to have lapsed on the death of the legatee after the death of the testator, but during the pendency of the trust with which the legacy was impressed.

2. SAME—DEVISE TO CLASS—SURVIVORSHIP.
    Provisions of a will whereby, on the termination of certain trusts thereby created, the property was to be turned over to the children of a named person and their mother, and in another instance to be divided between "all my grandnieces and grandnephews in equal shares," must be taken to refer to the respective classes as they existed at the testator's death, rather than at the termination of the trusts, where, in another part of the will, a devise to a class, in the event of the invalidity of a former devise, is limited to those of such class "then living."

3. SAME—CONTINGENT ESTATES.
    A provision, in a devise to a class, that the issue of a deceased member of the class who might die before distribution at the termination of the trust should take the parent's share, does not make the interest of the parent contingent.

Actions by J. Hampden Dougherty and another, as trustees, against John C. Thompson and others, to construe a will.

J. Hampden Dougherty and C. C. Hoge, for plaintiffs.

Charles E. Lydecker, guardian ad litem, for defendant Richard H. Thompson.

Eustace Conway, for defendants Jennie M. Thompson and John C. Thompson.

George Landon, guardian ad litem, for defendant Frank Thompson.

H. Snowden Marshall, for defendants Stewart and others.

H. B. B. Stapler, for defendant Josephine Thompson.

William T. Tomlinson, for defendant Marie Louise Norris.

Pearce Barnes, guardian ad litem, for defendant Dorothy L. Norris.

Levi S. Tenney, for defendant Nina O'Donnell, and guardian ad litem for defendant Louise Courtney O'Donnell.

BOOKSTAVER, J. These two separate actions are brought by trustees for the construction of the separate trusts created in clauses 3 and 9 of the will of William D. Thompson, deceased. The third clause is as follows:

"Third. One other of said shares, amounting at par to one hundred thousand dollars, I give and bequeath unto my executors, herein named, or such of them as shall qualify and act as executors of this, my will, the survivors and survivor of them, and their successors and assigns, upon the trusts and to the intents and uses following; that is to say: To collect and receive the interest and dividends thereon falling due after my decease, and out of the net income to apply to the use of my nephew William D. Thompson, Jr., of Baltimore, in the state of Maryland, the annual sum of seven hundred dollars, to be reckoned from the time of my death, and payable half-yearly during his life; and the whole residue of such net income to apply to the use of Josephine, the wife of the said William D. Thompson, Jr., and their children, by paying the same to her, for the support of herself and children during their minority; and, as each child attains the age of twenty-one, he or she shall be entitled to receive one equal share of such surplus of income above seven hundred dollars per annum, the same being divided into as many equal shares as there shall be children of the said William D. Thompson, Jr., and Josephine, his wife; and one more share for the said Josephine, which she shall be entitled to receive for her own use during her life, after all the said children shall have attained the age of twenty-one. In case of the death of the said William D. Thompson, during the life of said wife, the portion of income hereinbefore set apart for him is to be added to the other shares in equal proportion. In case the said Josephine shall at any time marry another husband, the right to a share of said income shall thenceforth cease, in which event, or in the event of her death during the lifetime of said William D. Thompson, Jr., the share of income hereinbefore set apart for her shall be added to the shares of the said children in equal proportion. Upon the death of the longest liver of them, the said William D. Thompson, Jr., and Josephine, his wife, this trust shall cease, and the trustees shall forthwith transfer and pay over the whole of the trust property, and the proceeds and increase thereof, to the children of the said William D. Thompson, Jr., and Josephine, his wife; and if any of said children shall have died leaving issue, such issue shall receive their parents' share. In case the said William D. Thompson, Jr., shall attempt to obtain, use, or in any manner control any part of the income herein or elsewhere in my will bequeathed to the use of his wife and children, or shall take proceedings before any court or tribunal, with the intent of contesting or impeaching the validity of this will, then and in either of such cases I do hereby revoke the above bequest or trust in his favor, and I direct that the amount of income hereinbefore set apart for him be added in equal proportion to the shares of income set apart for his wife and children, and for his children alone, from

59 N.Y.S.—39

the time when his wife's interest therein shall cease. In like manner I expect the said Josephine, his wife, to do all in her power towards carrying the provisions of this clause of my will into effect in good faith; and if she shall voluntarily violate or evade the same, or permit the same to be violated or evaded, it is my will that thenceforth her interest in the said income shall cease, and her share thereof be added to the shares of the children in equal proportion."

The ninth clause is as follows:

"Ninth. The foregoing bequests being first fully provided for, and not otherwise, I give to my nephew John B. Thompson, for his life, my building and lot No. 139 Broadway, in the city of New York; and upon his death I give and devise the same to my said executors, the survivors and survivor of them, their successors and assigns, upon trust to receive the income thereof during the life of John C. Thompson, son of the said John B. Thompson, and apply the same as follows: One-quarter to the use of the said John C. Thompson and one-quarter to the use of his mother, the wife of the said John B. Thompson; and if she shall die or remarry within said term, then from that time to apply the entire half of said income to the use of the said John C. Thompson, and the other half to apply during the whole of said term to the use of all the other grandnieces and grandnephews of mine in equal shares, the issue of any deceased taking their parents' share; and upon the death of the said John C. Thompson to sell and convey the said property in fee, and to distribute the proceeds among all my grandnieces and grandnephews in equal shares, the issue of any deceased grandnephew or grandniece taking their parents' share."

The testator died on the 27th day of June, 1874. At that time, William D. Thompson, Jr., and Josephine, his wife, had three children, the defendants Marie Louise Norris, Maria O'Donnell, and Stephen J. Thompson, now deceased, and no more were ever born to them. The controversy concerns the interest of Stephen J., who died in April, 1897, in the two trust funds. His mother, Josephine, and the defendant John C. Thompson survived him, and are still living. Therefore the two trusts under clauses third and ninth, above quoted, still continue. The contest is a triangular one among the various defendants, the three positions taken being as follows:

"First. Josephine L. Thompson claims income and principal under a will of Stephen Jay Thompson, made July 2, 1892, by which he devised and bequeathed all his property to her. She contends that Stephen Jay Thompson took vested estates at William D. Thompson's [the testator's] death, which he could transfer by his will, and that income and principal became transferred to her thereby.

"Second. The co-beneficiaries of Stephen Jay Thompson in the two trusts claim that the income as well as the trust estate in each belong to such of them as are his survivors,—claiming that in each trust the testator formed a class of beneficiaries; that 'the children of William D. Thompson, Jr., and wife' were such in the trust in the third clause of the will, and the testator's 'grand nephews and nieces' were such in the ninth clause; and that the income which has accrued on the dead beneficiary's share since his death, and which shall accrue hereafter, in each trust, belongs to them as his survivors.

"Third. The defendant John C. Thompson, as trustee, and also he and Jennie M. Thompson, as executors of John B. Thompson [and who were also the residuary devisees and legatees under William D. Thompson's will], claim: (a) That the interests of Stephen Jay Thompson in the trust estates were contingent, and did not and could not vest until the time of their distribution; that, he having died childless before that time, his interest in the trust estates lapsed, and passed into the residuary estate of the testator; that, not being vested, Stephen Jay Thompson could not transfer them by will. (b) That there is no devise or bequest for the benefit of a class. (c) That, even though there was, the class would be such as existed at the testator's death, and not those who survived at the date of distribution; that each of the beneficiaries could

take and hold his or her estate at time of distribution separately, and only as tenants in common, both by the express language of the will ["in equal shares"] and by the statute of the state of New York against joint tenancy; and that, Stephen Jay Thompson having died before the vesting of his interest, the same lapsed, and fell into the residuary estate."

In order to properly understand and construe the two clauses presented in the complaints for adjudication, it is necessary to quote certain other portions, as follows:

"Seventh. The house and lot of ground in the city of Baltimore, lately purchased and now owned by me in fee, known as No. 80 (eighty) Chase street, in said city, I give and devise for the term of her life to my sister-in-law, Rebecca R. Thompson, the widow of my deceased brother Stephen, and upon her death to her two daughters, Elizabeth Y. Thompson and Mary R. Thompson, if they shall survive her, or shall die during her lifetime leaving issue, to have and to hold to them, their heirs and assigns, forever. In case either of them should die during the lifetime of their mother without issue, I give and devise the said house and lot to the surviving daughter, her heirs and assigns, forever, in case she shall survive her mother, or die before her leaving issue. But if neither of the said daughters shall survive their mother nor leave issue, then it is my will that the said house and lot form part of my residuary estate."

"Tenth. [After making various provisions for charitable and educational uses this clause proceeds as follows:] If it shall be determined that this bequest is not valid under the laws of the state of New York, and the same shall fail for that reason, then my will is that the sum of money in this clause mentioned shall not be deemed undisposed of by my will, but shall be added to and form part of the residue of my estate, to be disposed of as hereinafter provided. If this bequest shall fail in whole or in part by reason of a failure to make and complete the distribution within the two lives hereinbefore specified for that purpose, and cannot be lawfully completed thereafter, then, upon the absolute termination of the said trust, I give and bequeath the said sum, or so much thereof as shall then remain undisposed of, to and among all my grand-nephews and grandnieces then living, and the issue of any deceased grand-nephew or grandniece in equal shares, such issue taking the share their parents would have taken if living. In case there shall be any legal objection which prevents the said distribution being extended to corporations organized under the laws of another state, then this bequest shall not for that reason fail, but the distribution shall be limited to corporations organized under the laws of the state of New York."

The provisions of the seventh and tenth clauses (and like provisions are found in other parts of the will), explicitly directing that portions of the estate, primarily devoted to other purposes, shall, on the failure of such purposes, become a part of the residuary estate, show the extreme care and minuteness with which the testator thought out and expressed his scheme of disposing of his property in various contingencies, and correspondingly diminish the likelihood that he intended (as claimed in contention 3, as above set forth) any lapsing of the legacy given to Stephen J., and the falling back of that portion into the residuary estate. Judging from other parts of the will, if any such falling back into the residuary estate had been intended in the case of the trusts in question, it would have been expressed, as it was, elsewhere in the instrument, where there was such an intention.

The direction in clause 10 for a distribution of the fund there set apart "among all my grandnephews and grandnieces then living" is very significant upon the second contention, as above stated. Having expressly provided by suitable words for survivorship in one part of the will, there is a strong inference that, where such words are not

used, they were not intended; that is to say, the direction in the third clause that the trustees shall, upon the termination of the trust, "pay over the whole of the trust property, and the proceeds and increase thereof, to the children of William D. Thompson, Jr., and Josephine, his wife," and the similar direction in the ninth clause, upon the termination of that trust, "to sell and convey the said property in fee, and to distribute the proceeds among all my grandnieces and grandnephews in equal shares," must be taken to refer to the respective classes as they existed at the time of the testator's death, and not at the respective times of the termination of the trusts.

My conclusion, therefore, is that Stephen J. Thompson took a vested interest, which he could dispose of by will, and that the contention numbered "First" above is the correct one. In reaching this conclusion I have not overlooked the provision in both clauses that the issue of a deceased member of the class should take the parent's share. This would seem to make the interest of the parent contingent, and to intend the classes as existing at the termination of the respective trusts. Such is not, however, the necessary result of such a provision, and is not, in my opinion, the result in this case. The situation here is depicted by the language of Peckham, J., in Bowditch v. Ayrault, 138 N. Y. 229, 33 N. E. 1068:

"Understanding, of course, the uncertainties of life, he provides for a substitution of the descendants of those children who may be deceased when the estate, or any part, is to be distributed, the descendant to take the share which the parent would have taken if living. The gift is, however, in substance to the children living at his decease, and we think it then vested, subject to be devested by the death of any child before distribution, and by the substitution of his or her descendants, if any were left. If there were no such descendants, then the property remained vested in the child, and upon his death formed part of his estate, subject to be disposed of as the law or his will provided."

Present decree framed in accordance with the views above expressed, and notice same for settlement on some day prior to June 28, 1899. Ordered accordingly.