In the Matter of the Estate of JULIA CLARK VOORHIS, Deceased.

Surrogate's Court, New York County, August 11, 1939.

416

*Schreiber, Buchter & Rathheim,* for the trustee, petitioner.

*Arthur T. O'Leary,* for the executrix of the estate of Samuel W. Maguire, deceased.

*Murray S. Kaplan,* special guardian.

*William J. McArthur,* for the United States Fidelity and Guaranty Company.

DELEHANTY, S.  Paragraph third of the will of deceased created a trust limited on the life of an individual now deceased.  In consequence it is necessary to determine to whom the principal of the trust is payable.  The account of the administrator *c. t. a.* was settled by a decree dated December 23, 1927.  That decree showed that all general legacies whether outright or in trust had been paid in full and that the balance was distributable under paragraph thirtieth of the will — the residuary clause.

This clause says: " I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, including lapsed and failing devises and bequests remaining after

the satisfaction of the foregoing provisions of this my will, to the hereinbefore mentioned natural persons, except my said aunt and Arthur J. Martin, *pro rata* and in proportion to their several money bequests, whether the same be given outright to the legatees or to my said trustee, in trust, for the use of the beneficiaries."

The decree which directed distribution of the balance in the hands of the administrator with the will annexed contained this provision: " Ordered, Adjudged and Decreed that under the thirtieth paragraph of the will, the residuary should be divided *pro rata* among the legatees mentioned or trusts created in the following paragraphs of the will: Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Eighteenth, Twentieth, Twenty-first, Twenty-second and Twenty-third."

Under this clause in the decree the administrator with the will annexed paid to the trustees of the trust under the third paragraph of the will the sum of $965.73. This amount is shown on Schedule A-2 of the account filed by the trustees. This schedule purports to show income received by the trustees. Concededly the item of $1,927.51 shown on Schedule A-2 as a payment derived from the main estate pursuant to the decree of 1927 represents a ratable share in the distributable balance in the hands of the administrator *c. t. a.* (the sum of $965.73 above stated) and a further sum of $961.78 which represented interest on the trust fund accruing during administration. Objection is made to the action of the trustees in allocating to income account the sum of $965.73 which represented the ratable share in the balance of principal in the administrator's hands. This presents the chief question in controversy so far as the reported transactions of the trustees are concerned.

Paragraph thirtieth of the will is said to have been construed by the decree of December 23, 1927. It is said, too, that such construction has established the rule for distribution of the principal of the trust which has now terminated. The court disagrees with these contentions. The decree of 1927 long antedated the enactment of the amendment to section 145 of the Surrogate's Court Act which was accomplished by chapter 642 of the Laws of 1933. This amendment in substance provided that in an accounting proceeding a construction of the will might be made validly and effectively within the area necessary for the settlement of the account whether the request for construction was presented by petition and citation or not. Prior to the amendment a construction so had was not binding in later proceedings. (*Matter of Heubach*, 165 Misc. 196, 200.) Concededly there was no request for a construction in the proceeding by the administrator *c. t. a.*

to settle his account. The scheme for distribution of the balance in the hands of the administrator *c. t. a.* seems to have been presented without controversy and without requiring any consideration on the part of the court. Under settled authority a judgment so entered is not controlling in future proceedings. (*Bowditch* v. *Ayrault,* 138 N. Y. 222; *Matter of Jackson,* 258 id. 281; *Matter of Ziegler,* 218 id. 544; *Pray* v. *Hegeman,* 92 id. 508; *Central Trust Co.* v. *Falck,* 177 App. Div. 501; *Staples* v. *Mead,* 152 id. 745.)

Since the question of construction of the will of deceased is, therefore, presented for judicial determination for the first time the court has examined the text of paragraph thirtieth of the will *de novo.* It holds that the gifts there made are outright gifts to the individuals who are identifiable as the named natural persons (with two stated exceptions) who are either beneficiaries of outright legacies or are beneficiaries of trusts. In the latter category the gift is not to the trustees but to the beneficiary. In such instances the gift is not in trust but outright.

Proceeding from this interpretation of paragraph thirtieth it is necessary to determine the meaning of the direction in paragraph third of the will for payment over of the principal fund thereby set up in trust. This principal fund is to be applied " to the satisfaction of the other provisions of " the will. Since all provisions for outright legacies have been complied with in full the only provision remaining to be satisfied is the residuary provision. The court holds that deceased intended to dispose of her entire property and that she did not intend that the principal of the trust under the third paragraph would in any circumstances pass in intestacy. The court holds that the residuary clause is sufficiently broad to include the remainder interest in the fund set up in trust under paragraph third of the will. Accordingly it adjudges that the principal sum now distributable by the trustees is payable outright to the individuals identifiable under the terms of paragraph thirtieth of the will. Among these individuals is the life beneficiary of the trust under paragraph third.

A separate question is presented respecting the sum of $965.73 paid under the decree of December 23, 1927, and reported as part of the item of $1,927.51 appearing on the income Schedule A-2 of this account. This sum of $965.73 constitutes principal of the trust estate. It was paid to the trustees erroneously since, in fact, it belonged to the income beneficiary. But the decree of December 23, 1927, is final as to the payments actually made under it and so the objection of the special guardian in respect of this sum is sustained. The deceased trustee and the surviving trustee are surcharged with this sum as principal on hand.

A subsidiary question is raised by the special guardian in respect of so much of the text of paragraph third of the will as directs the application of the principal fund "with any accumulation of income" to the satisfaction of other provisions of the will. The special guardian argues that the income which accrued after the death of the life beneficiary should be treated as distributable principal. For the purpose of distribution it need not be catalogued. The principal of the trust and all earnings thereon after the death of the income beneficiary go to the remaindermen. No question of apportionment or of accumulation is involved.

The estate of the general legatee who predeceased the life tenant of the trust under paragraph third is entitled to the ratable share in the principal which the legatee herself would have received had she survived the life beneficiary. The court holds that the persons named in the residuary clause received vested interests.

The only other question originally presented by petitioner has been disposed of by interim order.

The special guardian's objection to the disbursement for attorney's fees will be disposed of on affidavits, if the parties agree to that course. Otherwise a hearing date in October will be fixed. When this issue has been decided a decree construing the will and directing distribution in accordance with this decision may be submitted on notice.