Van Vorst, J.
[After stating the facts.]—The *271 subject o£ the bequests in this instance must be regarded as personal property, from the death of the testator, as under the positive directions to the executors to sell, the real estate must be considered as equitably converted into personalty at that time.
The provisions of the revised statutes upon this subject are:
§1. “The absolute ownership of personal property shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance and until the termination of not more than two lives in being ... at the death of the testator.”
It is claimed by the counsel for the plaintiff, that the will does not directly and in words bequeath the residue to the grandchildren, and that the same was not vested in them at the death of the testator. The intention of the testator was to give the property in question, not to his daughter, but to his grandchildren. That is very clear.
It is true that there is no direct gift in words, to the donees, except in the direction for payment or division, but the mode or form of the bequest is not material, unless it determines the question, when the gift was intended to be vested. The tendency of recent decisions is clearly in favor of holding an estate vested, when that can be fairly done without too great violence to the language'used.
The gift is not to the grandchildren as a class, but to them severally, an equal share to each. The grandchildren are named in the will, and the balance of the testator’s estate is to be divided among them, “ share and share alike.” They take, therefore, as tenants in common. There is no provision, that upon the death of either, before the division, the share of the person so dying shall go to the survivors; but directly the contrary, for “ the share of such deceased grandchild” is otherwise disposed of. And the use by the testator, *272 of the words “ the share of such deceased grandchild,” is a significant indication on his part, that the interest vested in the donees at his decease.
The court always gives effect to any words which favor immediate vesting in interest.
In this view the time for division is not really of the substance of the gift, as the testator speaks of the portion coming to each grandchild, before the time limited for payment, as “his share,” and provides that in the case of any grandchild dying, such share shall be appropriated to the funeral and burial charges of the person so dying.
“When, therefore, words are equivocal, leaving it in some doubt whether words of contingency or condition apply to the gift itself or to the time of payment, courts are inclined to construe them rather as applying to the time of payment, and to hold the gift rather as vested than contingent (Shaw, Ch. J., in Eldridge v. Eldridge, 9 Cush. 516; Everitt v. Everitt, 29 N. Y. 75).
“ Where there is reasonable ground for saying that, upon the whole, it is just to suppose the testator expected a devisee or legatee over to take a vested interest, the court will so construe the bequest. . . Ho estate will be held contingent unless very decisive terms of contingency are used in the will, or it is necessary to hold the same contingent in order to carry out the other provisions and implications of the will” (2 Redfield on Wills, 3rd Ed. 245). Ho purpose of the will is favored by holding that the gift in question did not vest in the donees at the testator’s cfeath, but rather the contrary. The plaintiff, as next of kin of the testator, claims in opposition to the will, and she can only succeed by securing an adjudication that the dispositions are invalid, through its failure to vest an immediate interest in the donees.
The whole will shows that the testator meant to dis *273 pose of all his estate. He did not mean to die intestate as to any portion. It is the balance which is to be divided among the grandchildren: other specific legacies are paid.
That this balance was undisposed of until fifteen years from his death, is a conclusion not to be proved by construction. On the other hand, just construction will, if consistent with the language, seek to uphold the will. The direction to his executors to place the balance of his estate in bank was in the interest of the donees, as the testator doubtless conceived. That no provision was made in words that the grandchildren should take the income of their respective shares, until division was made, is in itself no argument against the shares vesting in interest (Hunt v. Moore, 14 East, 601).
There is no direction, however, for an accumulation of the income in the mean time. It was the balance of his estate, as existing at his death, which was to be deposited, and which was to be divided.
And it may well be, that each donee is entitled to the income arising from his or her share in the mean time. Such conclusion is not inconsistent with the will (1 R. S. 726, § 40, p. 773, § 2; Haxtun v. Corse, 2 Barb. Ch. 518). The payment of the accruing income to the grandchildren would still leave their shares in the “balance ” disposed of, intact.
Nor was there a suspension of the absolute ownership, and power of alienation of the subject of the gifts contrary to the statute.
In no event was there an absolute suspension beyond one life. Upon the death of any grandchild its share was liberated. In other words, there was no absolute suspension for the term of fifteen years as to all or any one of the shares.
It is true the division was to be made at a period fixed, fifteen years from the death of the testator. *274 That is one statement, and if standing alone, unqualified, it would be open to the objection made.
But that statement is afterwards modified, and its effect completely counteracted.
With the added proviso, there is no longer an absolute suspension for fifteen years, or any number of years.
In no event is any share inalienable after the death of either of the donees for whom it was intended.
In legal effect, and by the precise words of the will, the alienation of no share is suspended beyond one life.
At the death of either grandchild, before the day limited, its share is to be appropriated to its funeral and burial expenses.
The construction of such clause I hold to be, that as much of the share of such deceased grandchild as was necessary should be devoted to such purpose ; and in the view that all the shares vested in interest at the death of the testator, the balance, after meeting such burial expenses, will go to the next of. kin of the deceased grandchild, if undisposed of by him or her.
The conclusion reached, therefore, upon a consideration of the whole will is, that at the death of the • testator one equal undivided fourth part of the fund in question vestejd in each of the grandchildren as tenants in common. That the term of years mentioned by the testator is not absolute, but qualified, so that, as to each share, it must be determined at the end of the life of the legatee entitled to such share. That the estate of each legatee is separate and distinct, and is dependent only on the life of that legatee, and not in any manner effected or conditioned upon the shares ■or lives of the others. That the income arising from the respective shares belongs to the legatees respectively to whom the shares are given.
That the share of each grandchild is devisable and *275 descendible subject to the payment thereout of his or her funeral and burial charges.
And that judgment be rendered accordingly.
There was no appeal.