MARY A. A. LIVINGSTON, Appellant, v. CLARA O. L. TUCKER
et al., Respondents.

The will of L. gave a life estate in two-twentieths of his property to his
widow, the remainder over to his infant daughter M., in case she survived
her mother; if not, then to certain other beneficiaries in the order named.
In an action for partition of certain real estate of which said testator
died seized, commenced during the minority of A., and wherein she
was made a party defendant, the judgment directed a sale of the
premises. The testator's widow was given the liberty to accept, and did
accept, out of the proceeds of sale, a gross sum in lieu of her interest as
tenant for life, and the balance of the purchase-money of the two-
twentieths was directed to be paid into court, to be invested by the
chamberlain of the city of New York, and, upon the death of the life
tenant, the fund, "with all accumulations of interest, dividends or
income," to be paid to M., if then living ; if not, then to the beneficiaries
entitled under the will to take. Upon coming of age M. petitioned that
the accumulation be paid over to her on the ground that such accumula-
tion was prohibited by statute (1 R. S. 726, §§ 37, 38), and that she was
entitled thereto "as presumptive owner of the next eventual estate."
*Held*, that the matter of the disposition of the fund was directly involved
in the action and was *res adjudicata ;* and, therefore, that the petition was
properly denied.
*It seems* that the directions for accumulation were proper, as the will
did not contain any directions authorizing it, and as the income was
paid off in advance out of the principal, when subsequently received, it
was properly devoted to restoring said principal to the condition it would
have been if it had not been thus depleted.

(Argued November 29, 1887; decided December 13, 1887.)

APPEAL, by Mary A. A. Livingston, from order of the Gen-
eral Term of the Supreme Court in the first judicial depart-
ment, made October 26, 1887, which affirmed an order of
Special Term denying the petition of the appellant, praying that
an order be made directing the payment to the petitioner of the
accumulation of interest, dividends and income of the two
funds mentioned in her petition.

The nature of the two funds and how arising is set forth in
the opinion.

*Geo. S. Wilkes* for appellant. The orders of court mentioned
in the petition directing accumulation during the life of

Evalina M. Livingston and Bliss are void. (*Harris* v. *Clark*, 7 N. Y. 242; *Pray* v. *Hegeman*, 92 id. 508; 86 id. 227; 29 Hun, 20; 1 R. S. 726, §§ 37, 38, 40.)

*Paul F. C. Tucker* for respondents. The respondents have a valid contingent remainder in fee in the principal and income. (1 R. S. 726, §§ 4, 26 of art. 2, chap. 1, pt. 2.)

FINCH, J. The petitioner is a devisee under the will of Robert Swift Livingston who died in 1867. No copy of that will is furnished to us, and we only know its contents from some brief and partial statements contained in the petition. The testator gave to his wife Matilda a life estate in two twentieths of his property, and the remainder over to the petitioner, who alleges that such remainder was in fee, but does not explain whether such fee was absolute, conditional, or contingent. Subsequently, and during the minority of the petitioner, an action of partition was brought in which she among others was made a party defendant. By the decree entered the testator's widow was at liberty to accept out of the proceeds of the sale ordered, a gross sum in lieu of her interest as tenant for life, and did so accept it. The balance of purchase money was required to be paid into court to be invested by the chamberlain of the city New York, as follows: First, for the benefit of the infant defendant, Mary Alice, who is the present petitioner; second, in case she should die before her mother who was the life tenant, "then for the benefit of those entitled thereto by the seventh clause of the last will and testament of Robert Swift Livingston, deceased." That clause is not furnished for our examination. We can only infer its contents from the further provisions of the decree directing the ultimate distribution. Those provisions are that upon the death of the life tenant the fund "with all accumulations of interest, dividends or income," be paid, first, to Mary Alice if she should be then living; second, if she should be then dead leaving issue then surviving, such issue should take the whole, share and share alike; but, third, if at the death of the life tenant, Mary Alice should be dead leaving no issue at that date

surviving, then the fund to be paid in specified proportions to nine ultimate remaindermen if then living and to the issue then living of such as should be dead. We must assume this distribution to have followed the terms of the will, and, so far at least, to have determined its construction.

Another portion of the testator's lands was also sold under a judgment of the court, proceeding upon the authority of a special act of the legislature permitting such sale. Out of the proceeds the life tenant again took a gross sum in discharge of her interest, and the order of the court appointed the United States Trust Company trustee to receive and hold the remainder of the proceeds " during the lifetime of the said Evalina," the life tenant, " and during that period to allow the same to accumulate, and hold the said trust property for the use of the same persons and subject to the same limitations as provided by the will of the aforesaid Robert Swift Livingston, deceased." The fund in the hands of the trustee has been transferred by the order of the court to the city chamberlain. Mary Alice has become of full age, but her mother, the life tenant, is still living. On these facts the petitioner alleges that the two orders for accumulation are void, and claims to be entitled to receive the accumulations as well as the two funds themselves " as presumptive owner of the next eventual estate." Her petition has been denied and the denial affirmed.

There are two answers to the appellant's demand independent of that given by the Special Term. The disposition of the funds is *res adjudicata.* It was directly involved in both actions, and we must assume was determined in accurate accordance with the provisions of the will. No new fact has occurred to change the situation or confer new and different rights. That the petitioner has arrived at full age is an immaterial circumstance. The period of distribution is fixed at the death of the life tenant and not at the majority of the petitioner. The decree, therefore, cannot be attacked and in effect reversed upon this motion, when the jurisdiction of the court is not assailed and there is no allegation of fraud. The counsel for the appellant says he does not assail it. He says in his

brief " we do not seek to set aside or disturb the judgment. We only ask for the accumulations of interest, etc., undisposed of by the judgment the directions as to which are *void* and therefore should be stricken from the judgment." Those directions may have been erroneous, but they are not void. The court had complete jurisdiction both of the parties and of the subject-matter, and, if it withheld from the petitioner what should have been awarded to her and proceeded upon an erroneous view of the will and the rights of the parties under it; that should have been corrected on appeal and does not make the judgment void.

But there is another answer. The directions to accumulate are not necessarily even erroneous, and the authorities cited do not apply. (1 R. S. 726, §§ 37, 38; *Pray* v. *Hegeman,* 92 N. Y. 508.) The statute avoids directions to accumulate made by deed or will, except as specified. It does not appear that the will of Livingston contained any such directions. The inference, from what appears, is that it did not, and so the statute was not violated. But, I think, what are now called accumulations are not really such. The testator contemplated that the annual income of the two-twentieths should be paid year by year to his widow, the life tenant. On his plan there could be no accumulations at all. What happened came from the intervention of the court ordering a sale and the acceptance by the widow of a gross sum in lieu of her annuity. The fund paid off the income in advance and out of principal. Its income since then has been merely paying back to the principal those advances and restoring it to the condition it would have been in if it had not been depleted. At the death of the widow it will simply be, in theory at least, fully restored, and the original devise over capable of being accomplished as intended. But without deciding this point finally, it is enough that the direction of the court is not void, even if erroneous.

The order should be affirmed, with costs.

All concur.

Order affirmed.