CAROLINE QUADE, Appellant, *v.* PETER BERTSCH, Individually and as Sole Surviving Executor and Trustee of the Last Will and Testament of WILLIAM BROISTEDT, Deceased, and Others, Respondents, and VIOLA BERTSCH, Respondent and Appellant.

*A trust for the life of a wife and for each of several children living at her death, with direction to pay the principal to grandchildren on their majority, is valid — a trust until such majority would be invalid — a deferment of payment through a power in trust is not — effect of a provision that the grandchildren take per stirpes.*

A testator by his will gave his estate to his executors in trust to apply the net income thereof to the use of his wife during the term of her natural life or as long as she should remain unmarried. He further directed that at the death or remarriage of his wife his executors or trustees should divide his estate into six equal parts or shares and invest the same in specified securities and apply the net income of one of such shares to the use of each of his six

children during his or her natural life, and at the decease of each child "to pay, divide and distribute the principal of such equal sixth part or share to and among the lawful issue" of said child equally.

The will further provided: "In case either or any of my children shall die before me or before the death or remarriage of my wife, or in case any child or children shall hereafter be born to me, who shall survive the death or remarriage of my wife, then it is my will that my executors, upon the death or remarriage of my wife, instead of dividing my estate into six equal parts or shares as above provided, shall divide my estate into so many equal parts or shares as may be necessary to provide one for the use of each of my children then living, and one for the descendant or descendants then living of either or any of my children who may have died before the decease or remarriage of my said wife and invest the same separately as above provided, and designate and set apart one of such shares for the use of each of my children then living, and one for the descendant or descendants of each of my children who may have died leaving issue them surviving (*per stirpes* and not *per capita*). And upon the further trust to apply the net income of each share set apart for my children as aforesaid to the use of the child for whom it shall be designated during his or her natural life, and at the decease of the child for whom it shall be set apart as aforesaid, to pay, divide and distribute the principal to and among the lawful issue of such child equally, as and when such issue respectively attain the age of twenty-one years. And upon the further trust to pay, divide and distribute the share designated and set apart for the descendant or descendants of any child who may have died before the death or remarriage of my wife, to and among such descendants equally as and when they respectively attain the age of twenty-one years."

*Held*, that the gifts to the testator's grandchildren vested upon the death of the widow, and that the time of payment alone was postponed until they attained their respective majorities;

That the provision that the descendants of the testator's children should take *per stirpes* did not make them joint tenants and thus interpose other minorities than their own;

That had the testator attempted to create a trust which would continue until his grandchildren attained their majorities the trust would have been invalid;

That the deferment of payment, through the creation of a power in trust, did not suspend the absolute ownership.

APPEAL by the plaintiff, Caroline Quade, from so much of a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 11th day of January, 1901, upon the decision of the court, rendered after a trial at the Kings County Special Term, as decrees that all and several the trust provisions embraced in the will of William Broistedt, deceased, are valid, legal and effectual in every respect, and that the gifts to the issue of the testator's children vested at the death

of their parents, and which enjoins the parties to the action from setting up and impeaching the several devises, bequests and trusts, or any of them, contained in the last will and testament of said testator, or in any way otherwise making any claim in contravention to the determination of the court, and from each and every part of said judgment which adjudges that the will of William Broistedt, deceased, was a valid will in respect to the trust provisions therein contained.

Also an appeal by the infant defendant, Viola Bertsch, from that portion of the said judgment containing the prohibitory provision above set forth.

The judgment appealed from was rendered in an action brought to declare certain portions of the will of William Broistedt, deceased, invalid, in that they unlawfully suspended the ownership of personal property. The testator gave his estate to his executors upon trust for the following uses and purposes :

" To collect and receive the rents, income and profits of all my estate, real and personal, and after paying therefrom all taxes, assessments and other charges upon my real estate, and keeping the buildings and improvements thereon insured and in proper repair, to apply the net income arising from my estate to the use of my wife Caroline during the term of her natural life, or so long as she shall remain unmarried. In case my said wife shall remarry after my decease, then I direct my said executors and trustees to provide for and pay over to her, from and after such remarriage and during her natural life, the sum of five thousand dollars per annum, which last-mentioned income shall be all she shall have or receive from my estate from and after such remarriage. And I do hereby declare that the provision herein made for my said wife is intended to be, and is, in lieu and bar of her dower and third in my estate.

" That at the death or remarriage of my wife I authorize, empower and direct my executors and trustees, or such of them as may assume the execution of the trusts hereby created, to divide my estate into six equal parts or shares, and invest the same separately on bond and mortgage or in United States Goverment or State securities, and apply the net income of one of said equal sixth parts or shares to the use of my daughter Amelia Bertsch, wife of Peter Bertsch, during her natural life, and at her decease to pay, divide and dis-

tribute the principal of such equal sixth part or share to and among the lawful issue of my said daughter Amelia, equally. And upon the further trust to apply the net income of one other of the said equal sixth parts or shares to the use of my daughter Augusta during her life, and at her decease to pay, divide and distribute the principal of such last-mentioned equal sixth part or share to and among the lawful issue of my said daughter Augusta, equally. And upon the further trust to apply the net income of one other of said equal sixth parts or shares to the use of my daughter Caroline during her life, and at her decease to pay, divide and distribute the principal of such last-mentioned equal sixth part or share to and among the lawful issue of my said daughter Caroline, equally. And upon the further trust to apply the net income of one other of said equal sixth parts or shares to the use of my daughter Mena during her natural life, and at her decease to pay, divide and distribute the principal of such last-mentioned sixth part to and among the lawful issue of my said daughter Mena, equally. . And upon the further trust to apply the net income of one other of the said equal sixth parts or shares to the use of my son Henry Broistedt during his natural life, and at his decease to pay, divide and distribute the principal of such last-mentioned sixth part or share to and among the lawful issue of my said son Henry, equally. And upon the further trust to apply the net income of one other of the said equal sixth parts or shares to the use of my daughter Hannah during her natural life, and at her decease to pay, divide and distribute the principal of such last-mentioned sixth part or share to and among the lawful issue of my said daughter Hannah, equally. In case either or any of my children shall die before me or before the death or remarriage of my wife, or in case any child or children shall hereafter be born to me, who shall survive the death or remarriage of my wife, then it is my will that my executors, upon the death or remarriage of my wife, instead of dividing my estate into six equal parts or shares, as above provided, shall divide my estate into so many equal parts or shares as may be necessary to provide one for the use of each of my children then living, and one for the descendant or descendants then living of either or any of my children who may have died before the decease or remarriage of my said wife and invest the same separately as above provided, and designate and set apart one

of such shares for the use of each of my children then living, and one for the descendant or descendants of each of my children who may have died leaving issue them surviving (*per stirpes* and not *per capita*). And upon the further trust to apply the net income of each share set apart for my children as aforesaid to the use of the child for whom it shall be designated during his or her natural life, and at the decease of the child for whom it shall be set apart as aforesaid, to pay, divide and distribute the principal to and among the lawful issue of such child equally, as and when such issue respectively attain the age of twenty-one years. And upon the further trust to pay, divide and distribute the share designated and set apart for the descendant or descendants of any child who may have died before the death or remarriage of my wife, to and among such descendants equally as and when they respectively attain the age of twenty-one years."

One of the children of the testator died previous to the death of the widow.

*Albert K. Newman,* for the appellant.

*Thomas H. Troy,* guardian *ad litem,* for the respondent and appellant Viola Bertsch.

*George S. Espenscheid,* for the respondents Peter Bertsch and others.

*Louis Ehrenberg,* guardian *ad litem,* for the respondents Caroline Risland and others.

JENKS, J. :

As the absolute ownership is suspended for the life of the widow and for each share during the life of each child of the testator, the practical question upon this appeal is whether the gifts to the grandchildren are vested or contingent, or, in other words, is time annexed to the gifts or only to the payments thereof? The learned counsel for the appellant insists upon the application of certain familiar rules of construction recently reiterated in *Warner* v. *Durant* (76 N. Y. 133); in *Matter of Baer* (147 id. 348), and in *Matter of Crane* (164 id. 71). The intent of the testator, as

gathered from the four corners of the will, is the cardinal canon of construction, and the rules invoked by the appellants, like almost all other rules, are said to be subordinate to it and not destructive of it. (*Dougherty* v. *Thompson,* 167 N. Y. 472; *Matter of Crane, supra; Goebel* v. *Wolf,* 113 N. Y. 405, 412; *Matter of Young,* 145 id. 536, 538.) It is our duty first to search diligently throughout the will to find, if possible, in the scheme, the provisions and the text thereof the intent of the testator, mindful, too, that the law favors the vesting of estates. (*Dougherty* v. *Thompson, supra; Matter of Seebeck,* 140 N. Y. 241, 246.)

At the death of the wife the executors are directed to set apart one of the shares of the estate for each child, and in the case of the death of any child before the wife, its share is to be paid, divided and distributed to and among its lawful issue as and when such issue becomes twenty-one years of age. In *Paterson* v. *Ellis* (11 Wend. 260, 276) the court said that there was no doubt that a legacy vested when it was separated from the testator's estate and invested in the name of the legatee. Though it may be said that such severance was necessary to the scheme which required a division at the death of the wife, yet this is not precisely the case, inasmuch as the testator might have provided that the shares of the children respectively should be carved out of the *corpus.* Further, there is the direction to set apart, provide and invest for the descendants "then living;" that is, the class that is to take is *then* determined. And it is *such* share that is to be paid, divided and distributed among such descendants equally "as and when" they respectively attain the age of twenty-one years. There is nothing to indicate that the testator contemplated the death of any such descendants during minority. The gift is not made to such descendants as may be living at the age of twenty-one years, or to the survivors or survivor of them who may attain majority. And it has been held that such omission is indicative of intent. (*Goebel* v. *Wolf, supra; Townshend* v. *Frommer,* 125 N. Y. 446.) The testator does not make the gift *if* such descendants attain the age of twenty-one years, or *provided* they attain that age, but only indicates the period which must elapse before the payment can be demanded. (*Bushnell* v. *Carpenter,* 92 N. Y. 272.) If the testator had intended that the estate was not to vest until the period of the majorities, it is far to seek his reason

for the omission of all provisions as to the interest or income upon the shares in question. In *Du Bois* v. *Ray* (35 N. Y. 162, 167) such omission was considered to be strong evidence against an intention of the suspension of ownership for that period of time. (See, too, *Manice* v. *Manice*, 43 N. Y. 303, 366 ; *Clancy* v. *O' Gara*, 4 Abb. N. C. 268, 273.) The original provision plainly directs a vesting of a similar estate in the same natural objects of his bounty. And the substitutionary scheme is clearly modeled upon it, and is but written to meet the contingency of the death of any of his children before that of his widow. No reason suggests itself why the testator should in any way recast the scheme so far as it affected those who remained in the same relation to him. I am of opinion that the intent of the testator is that the gifts to the descendants were not suspended, but vested upon the death of the widow, and that the time of payment is but postponed. (2 Jarm. Wills [Randolph & Talcott's 5th Am. ed.], 417, note 6 ; *Hoxie* v. *Hoxie*, 7 Paige 187, 192 ; Gray Perp. 73, note.) Gray (*supra*) says : "In certain classes of legacies, to be paid when the legatee reaches twenty-one, or some other age named, the courts construe the gift as an absolute one to the legatee, his executors and administrators, and the direction for payment as given solely for the benefit of or on account of the legatee; that is, they regard the legacy as certain to become payable in any event — payable when the legatee reaches twenty-one (or other age), if he so long lives; but, if he dies before that time, payable immediately to his executors or administrators. Such a legacy is properly called vested, because it is certain to take effect at some time, although the time may be earlier in one event than in another, exactly as a remainder after an estate to a widow until her death or remarriage is vested. Now, the fact that such a legacy is vested is brought out in practice by the circumstance that the executor of the legatee takes it, and the incident of transmissibility has thus come to be regarded as the essential characteristic of a vested interest, and has given rise to the secondary meaning of the term ' vested.' "

The law is not concerned with such a suspension as is natural to the object of the gift, such as infancy. (*Beardsley* v. *Hotchkiss*, 96 N. Y. 201 ; *Everitt* v. *Everitt*, 29 id. 39, 77 ; *Livingston* v. *Tucker*, 107 id. 549, 552 ; *Craig* v. *Craig*, 3 Barb. Ch. 76.) The children

are not made joint tenants by the provision as to *per stirpes*, and so no minority other than their own respectively is interposed. ( *Van Brunt* v. *Van Brunt*, 111 N. Y. 178, 187.) Even if the testator did attempt to create a trust estate, the trust would be illegal, and could have no force or effect upon the question at bar (*Smith* v. *Edwards*, 88 N. Y. 92, 102, 103), while the deferring of payment, through the creation of a power in trust meanwhile, is not a suspension of the absolute ownership of property. (*Bliven* v. *Seymour*, 88 N. Y. 469, 476; *Vanderpoel* v. *Loew*, 112 id. 167, 186, *et seq.; Everitt* v. *Everitt, supra.*)

The judgment must be affirmed, with costs.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and SEWELL, JJ., concurred.

Judgment affirmed, with costs.

_____

NOTE — The rest of the cases of this term will be found in volume 64 App. Div.— [REP.