(80 Misc. Rep. 442.)

### FABER v. HAUCK et al.

(Supreme Court, Special Term for Trials, Kings County. April 19, 1913.)

1. PERPETUITIES (§ 4*)—CONSTRUCTION OF WILL.

A will created a trust in testator's entire property, the income to be divided equally between his widow and two daughters. On death or remarriage of the widow, her share of the income goes to the daughters. The will further provides that the principal shall not be paid to the daughters until they severally become of age, that on death of either daughter without issue the whole of the estate shall go to the children of the surviving daughter, and that on death of both of the daughters without issue the estate should go to specified charities on death or remarriage of the widow. *Held* that, so far as the will provides for the contingency of the death of both daughters without issue, it violates the statute against perpetuities, but that otherwise it makes valid trust provisions.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44; Dec. Dig. § 4.*]

2. WILLS (§ 629*)—CONSTRUCTIÓN—VESTING OF ESTATE.

The law favors the vesting of estates, when not inconsistent with testator's expressed intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1461, 1462; Dec. Dig. § 629.*]

Action by Freda Margaretta Faber against Katharina Hauck and others. Decree directed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William Murray, of Brooklyn, for plaintiff.

Charles Reinhardt, of Brooklyn, for defendants Katharina Hauck and Freda Margaretta Faber.

Bamberger & Lowenthal, of New York City, for defendant Herman Reiners.

CRANE, J. This action is brought for the construction of the will of Frederick Hauck, who died in Kings county on or about April 20, 1912, leaving real and personal property and a wife and two daughters. It is unnecessary to set forth the provisions of the will at length, as the conclusions to which I have come will be sufficient.

[1, 2] The testator created a trust in his entire estate, one-third of the income therefrom to be paid to his wife during her life or until she remarry, and one-third to each of his two daughters Freda and Emma. Upon the death or remarriage of his widow, her one-third interest is given to each of the daughters, share and share alike, so that they will then receive the income from the entire trust estate, one-half going to each during her lifetime. But this does not constitute a suspension of the power of alienation during three lives in being, as the provisions do not constitute one indivisible trust, but two trusts, each of which ends with the life of each daughter. Upon the death of Freda, her one-half of the estate immediately becomes vested in her lawful issue, with, of course, full power of alienation, so that, at the termination of the trust in this half, the power of alienation has been suspended during the lifetime of the widow and the lifetime of her daughter Freda, two lives in being. The same result and direction applies to the one-half held in trust for the other daughter Emma. It is true that the will provides:

"The principal, however, not to be paid to them [the issue of Emma and Freda] until they severally attain full age."

But this is only the postponement of payment, and not any delay in vesting. Immediately upon the death of Freda or Emma, their issue respectively become vested with an estate in fee of one-half of the estate of the testator, and entitled to the income therefrom, the principal to be paid upon their attaining majority. The executor, trustee in such case, would not have the title to, but a power in trust over, the property. Quade v. Bertsch, 65 App. Div. 600, 72 N. Y. Supp. 916; Id., 173 N. Y. 615, 66 N. E. 1115; Steinway v. Steinway, 163 N. Y. 184, 57 N. E. 312; Bliven v. Seymour, 88 N. Y. 469.

There is no question, apparently, among all of the parties to this litigation, that thus far the will is to be construed as I have stated. In case either Freda or Emma should die without issue, the will makes this provision:

"If either of my said daughters should die without issue, I give the *whole* of my said residuary estate equally to and among the children of my surviving daughter, equally, share and share alike."

The use of the word "whole" is somewhat perplexing; but it is quite evident that the testator did not intend that the share of the one dying without issue should be held in trust or suspense until the death of the other daughter, and then pass to the issue of the latter remain-

ing at her decease. Of course, as he had given the remaining daughter a life estate, the "whole" of his residuary estate could not pass until her death, unless the trust were to end prior thereto, because of this devise of the "whole of my residuary estate." But clearly such was not the testator's intention. It is quite evident that the "whole" referred to or intended was the one-half in trust for the daughter dying without issue. Upon the happening of such event, this one-half immediately vests in the living issue of the remaining daughter. As the law favors the vesting of estates, where such construction is possible, and not contrary to the evident intention of the testator, I so read the will, convinced that it is a reasonable interpretation thereof. Re Baer, 147 N. Y. 353, 41 N. E. 702.

However, there is a contingency which may arise, making the subsequent provision as to one-half of this estate either void as suspending the power of alienation, or else its disposition is unprovided for. Should one of the daughters die without leaving issue, and the other daughter have no issue then living, the one-half trust estate would not vest in any one mentioned by the testator in his will. The devise or bequest to the various named institutions is in words following:

"In case of the death of both of my children without issue or descendants, then I give, devise and bequeath the whole of my said residuary estate, after the death or remarriage of my wife, as follows: To the German Hospital Society of Brooklyn, located at the corner of St. Nicholas avenue and Stanhope street, in the borough of Brooklyn, city of New York, the sum of fifty thousand dollars," etc.

The gift to the Hospital and other named corporations is dependent upon both daughters dying without issue, so that if the share of one daughter, in the case of her death without issue, cannot vest in any issue of her sister, because she at that time has none, it cannot pass to the Hospital and other residuary legatees, as the living daughter may have issue any time during her life. The one-half estate would not, therefore, vest during two lives in being, and the suspension of the power of alienation would transgress the rule. Should such a contingency arise, the one-half estate would pass to the heirs and next of kin of the testator.

Such violation of the statute against suspension of the power of alienation only affects, however, this attempted disposition under such a state of facts, and is separable from the other valid trust provisions. Chaplin on Suspension of the Power of Alienation (2d Ed.) § 430 et seq.; Matter of Mount, 185 N. Y. 162, 77 N. E. 999. Both children dying without issue or descendants during the lifetime of the widow would enable the entire estate to pass on her death or remarriage to the residuary legatees named; but, should there be issue of the deceased daughters living at the death of the widow, they would take the estate in fee, share and share alike, subject only to the deferred possession or payment clause.

There remains but one question for consideration, and that is the apparent life estate created for the widow in No. 246 Hart street. The testator intended to give and did give one-third of the income from his estate to his widow, and he also gave her this house and its furnishings, directing that the trustees pay all taxes, assessments, insurance,

and repairs on it. So the widow has the house and contents for life, free of all charges; also one-third of the income from the remaining estate. This house, on the death of the widow, becomes part of the trust estate, one-half of which is given to each of the testator's named daughters.