In the Matter of the Estate of MARY E. SHIBLEY MCDUFFIE, Deceased.

Surrogate's Court, Montgomery County, September 8, 1933.

*Charles E. Hardies*, for the executor.

*Newton B. Van Derzee*, for the True Church of Christ at Glen, N. Y.

AULISI, S.   Mary E. Shibley McDuffie, a resident of the hamlet of Glen, N. Y., died on February 14, 1929, leaving a last will and testament dated February 1, 1928, and a codicil dated February 14, 1928, both duly admitted to probate in this court on September 9, 1929.

Construction is asked for the following paragraph of the will of deceased:

" *Sixteenth.*   I give and bequeath to the Wycoff Church Cemetery Association, Inc., located in the Town of Glen, County of Montgomery, New York, the sum of Five Hundred Dollars, provided my estate is sufficient to pay all of the foregoing legacies in full, and, if not, then this legacy shall be reduced to Three Hundred Dollars, and have preference in that amount, the same to be invested and the income therefrom used and expended in the perpetual care of the burial lot of myself and my husband, and our graves therein; provided, however, that if said Cemetery Association is not active in the care of the graves in said cemetery, and is not in a position so to do at the time of my death in the judgment of my executor, then this legacy shall lapse, and I then authorize and empower my executor to provide for the perpetual care of said burial lot."

A short statement of the facts disclosed by the proof will show the reason for this proceeding.

The Wycoff Church was a religious institution in the hamlet of Glen, N. Y., and in connection with its church it maintained a cemetery in which the grave of the decedent and that of her husband are located.   In May, 1925, the name of this religious congregation was changed to the True Church of Christ at Glen, N. Y., and on May 22, 1925, the latter organization was incorporated.   The Wycoff Church Cemetery Association, Inc., was incorporated on May 15, 1925, and its purpose was to take over and manage the cemetery owned by the Wycoff Church in Glen. The plan of transfer was not carried out and the corporation never functioned.   The Wycoff Church instead of transferring the cemetery property to the Wycoff Church Cemetery Association,

Inc., transferred the cemetery land to the True Church of Christ at Glen, N. Y., on July 27, 1929.

The True Church of Christ contends that the legacy mentioned in paragraph " sixteenth " should be paid to it inasmuch as it is the owner of the cemetery property, is in a position to care for the graves of the decedent and her husband, and the cemetery association was improperly named in said paragraph.

With this contention I cannot agree. The name of the legatee was correctly given, and since it was in legal existence there is no dispute or ambiguity as to whom the bequest was made. I am satisfied that the bequest was made to the Wycoff Church Cemetery Association, Inc., and that there is no misnomer. The cemetery association never having acquired said cemetery property or exercised any authority or control over same and having been entirely inactive in every respect, it never has been in a position to care for the grave of the decedent and that of her husband.

The testatrix was undoubtedly familiar with the purpose of the incorporation of the cemetery association, and nearly three years having elapsed from the time of said incorporation to the date of her will without the cemetery association taking charge of said cemetery, there probably was some doubt in her mind as to the success of the plan. For that reason she placed a condition on the bequest. The condition being a lawful one, and having been met, I am satisfied that the legacy lapsed.

The legacy having lapsed, we come to the last part of paragraph " sixteenth," " I then authorize and empower my executor to provide for the perpetual care of said burial lot." The executor has offered proof that the sum of $100 is a fair and reasonable amount for the perpetual care of the grave of the decedent and that of her husband and asks that it be so decreed. I do not quite agree with him.

The fundamental aim of the court attending and interpreting a will is to ascertain the intent of the testator. When that purpose has been made sure of, it must control unless it is contrary to public policy or some established rule of law. The intent of the testator must be gathered from the instrument as a whole and it is our duty first to search diligently throughout the will to find, if possible, in the scheme, the provisions and the text thereof, the intent of the testator. (*Quade* v. *Bertsch*, 65 App. Div. 600.)

After considering the " sixteenth " paragraph and paragraph " seventeenth," which reads as follows, " In the event that there is not sufficient money to pay all of the foregoing legacies in full, then I direct that the Wycoff Church Cemetery legacy, as therein provided, shall be first paid in full, and then the Russell J. Shibley

legacy shall be paid in full, and all the other legacies shall abate proportionately," I am satisfied that the testatrix intended that the sum of $500, or in the event that all legacies could not be paid in full, then the sum of $300, should be set apart for the care of said graves.

The testatrix very clearly showed the intention that she desired said sum to be used by preferring the legacy to the cemetery association over and above all others. It is true that said legacy lapsed and that the executor is authorized and empowered to provide for the perpetual care of said burial lot, but in arriving at the amount to be set apart for that purpose, I believe that her intention should control. I am of the opinion that the testatrix, in granting the power to the executor, had in mind not the amount to be used, but that in the event the legacy lapsed, he should choose the person or organization to take care of the graves.

I, therefore, hold and decide that the legacy to the Wycoff Church Cemetery Association, Inc., has lapsed and that the executor has the right to make provisions for the perpetual care of the grave of the deceased and that of her husband and that the sum of $500, or in the event that the legacies cannot be paid in full, the sum of $300, be used for that purpose.

Decreed accordingly.