In the Matter of the Estate of JOHN F. YERKS, Deceased.

SARAH M. CLARK, Plaintiff, *v.* ADALINE YERKS VAN ALSTYNE, Defendant.

*Will — when an estate in remainder is vested so as to pass to the heirs of the remainderman dying pending the continuance of the life estate.*

The 9th clause of the will of a testator, who had devised a life estate in his farm to his wife Elizabeth, provided as follows: "*Ninth.* Upon the death of my said wife, Elizabeth, I give and bequeath unto my said daughter, Lydia, all that part of my farm and premises lying westerly of the New York and Harlem railroad at Unionville during her natural life, and at her death I order and direct my executors to sell the same, namely: All that part of my said farm situate at Unionville, lying westerly of the New York and Harlem railroad, as described in the above ninth clause of my will, to be divided as follows, namely, one-third part thereof to my grandson, George W. Yerks, and the other two-thirds part thereof to my two grandsons, John C. and Joseph C., share and share alike."

The testator was survived by all the persons mentioned in said 9th clause. One of the grandsons, however, died during the life of the testator's widow.

*Held,* that the 9th clause of the will operated to create a vested remainder in favor of the deceased grandson in one-third of the premises described in said 9th clause, and that such remainder was not divested by the death of the grandson during the pendency of the widow's life estate.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*John H. Ferguson,* for the plaintiff.

*William L. Visscher,* for the defendant.

WILLARD BARTLETT, J.:

The statement of facts originally contained in this case was not sufficient to enable the court to render judgment, but an additional statement has recently been submitted by permission, and the controversy may now be decided.

It turns upon the construction which should be given to the 5th and 9th paragraphs of the will of John F. Yerks, which read as follows:

"*Fifth.* I give to my beloved wife, Elizabeth, during her natural life the use, interest, income of all the residue and remainder of my estate, real and personal, which gifts, devises and bequests to my said wife are to be in lieu of her right of dower in my estate. * * *

" *Ninth.* Upon the death of my said wife, Elizabeth, I give and bequeath unto my said daughter, Lydia, all that part of my farm and premises lying westerly of the New York and Harlem railroad at Unionville during her natural life, and at her death I order and direct my executors to sell the same, namely : All that part of my said farm situate at Unionville, lying westerly of the New York and Harlem railroad, as described in the above ninth clause of my will, to be divided as follows, namely, one-third part thereof to my grandson, George W. Yerks, and the other two-thirds part thereof to my two grandsons, John C. and Joseph O., share and share alike."

The testator died on March 9, 1863. Elizabeth, the wife, died on January 7, 1885. Lydia, the daughter, died on January 2, 1898. John C. Clark, one of the three grandsons named as remaindermen, died intestate on January 2, 1881, during the pendency of the first life estate — that of the widow. He left two children, neither of whom married and both of whom are now dead, and a widow, Sarah M. Clark, the plaintiff herein, who claims the remainder devised to John C. Clark by the 9th paragraph of the will. She is entitled to that remainder if it was vested in John C. Clark during the pendency of the widow's life estate; if, on the other hand, it was contingent, the defendant, Adaline Yerks Van Alstyne, is entitled to the share devised to John C. Clark by the 9th paragraph.

I think the effect of the 9th clause of the will was to create a vested remainder in favor of John C. Clark in one-third of the westerly part of the testator's farm at Unionville, and that such remainder was not divested by the death of John C. Clark during the pendency of the widow's life estate in the property. Under the statute, future estates are vested " when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom or the event upon which they are limited to take effect remains uncertain." (1 R. S. 723, § 13 ; revised by Real Prop. Law [Laws of 1896, chap. 547], § 30.) By this rule we can properly determine whether a bequest of the proceeds of real property is vested or contingent where the real property is directed to be sold and the proceeds to be divided at the termination of precedent life estates in the land, as is the case here. The final portion of the 9th clause clearly indicates the intent of the

testator to give the proceeds of the western part of his Unionville farm in equal portions to the three grandsons named therein after the lands have been enjoyed during their lives successively by the testator's wife and daughter. To quote the language used by Judge Finch in *Matter of Young* (145 N. Y. 535): " No uncertain contingency clouded the gift." It was merely postponed in order to give effect to the precedent life estates granted to the widow and daughter.

The case is not at all like *Moore* v. *Littel* (41 N. Y. 66) and the other decisions to the same effect reviewed by Landon, J., in *Dougherty* v. *Thompson* (167 N. Y. 472). Those were cases where the remainder was to a class, as " to the heirs of A " upon the determination of a life estate in A. Under such a devise it has been held that the death of any child in the father's lifetime defeats his interest and divests the remainder, the heirs not being ascertainable until after the death of the father. In the present instance, however, the gift is not to a class, but to specified individuals expressly described as grandsons, and there seems to be no reason for the application of the doctrine of the cases upon which reliance is placed by counsel for the defendant.

It follows that there should be judgment in favor of the plaintiff in accordance with the terms of the submission.

Hirschberg, P. J., Jenks, Rich and Miller, JJ., concurred.

Judgment in favor of the plaintiff in accordance with the terms of the submission.